FRANK P. SHALVOY, RELATOR, v. WILLIS FLETCHER JOHNSON ET AL., RESPONDENTS.

Submitted December 6, 1912—Decided July 1, 1913.

Chapter 82 of the laws of 1912, being a supplement to the Civil Service act of 1908, page 235, does not apply to court officers serving under temporary appointments.

On rule to show cause why writ of *mandamus* should not issue. See *ante p.* 134. Rule discharged.

Before Justices TRENCHARD, PARKER and MINTURN.

For the relator, *James R. Nugent.*

For the respondents, *Nelson B. Gaskill,* assistant attorney-general.

The opinion of the court was delivered by

PARKER, J. From our former opinion, reported *ante p.* 134, it will appear that relator asks a writ of *mandamus* directing the civil service commission to certify his pay as "court attendant" in the courts of Essex county for the first half of April, 1912. He claimed under a temporary appointment made pursuant to section 29 of the Civil Service act of 1908, in November, 1911, and which under the terms of that section must expire in two months at farthest, but which according to his claim was turned into a permanent tenure by the supplement to the Civil Service act approved March 14th, 1912, and known as chapter 82 of the laws of 1912. *Pamph. L., p.* 113. That supplement, as set forth in our former opinion, provides that the court officers "holding office or employment at the time of the introduction of this act, or who may be hereafter appointed, shall continue to hold their offices or employments, as the case may be, and shall not be removed therefrom except in accordance with the provisions of the act to which this is a supplement." We refused a writ, putting our decision on the ground that assuming the act of 1912 would protect court officers serving *de jure* under temporary appointment, the relator had not made out his case because the two months of service under temporary appointment limited by the act had run out before the supplement of 1912 was approved, and relator had not shown that it was introduced during said two months' period, and so it did not appear that he was an officer *de jure.* Upon his application the matter was reopened for further proofs, and from these it appears that the supplement had in fact been introduced before the two months expired; so that we are now called upon to decide the question whether this supplement applies to court officers serving *de jure* under temporary appointment.

It requires little more than a cursory examination of the Civil Service act (*Pamph. L.* 1908, *p.* 235; *Comp. Stat., p.* 3795) to show that if this supplement be construed as applicable to temporary appointments, it would effectually frustrate the main scheme of permanent appointments based on merit as ascertained by examination, so far as court officers are concerned. The Civil Service act takes effect in municipalities, among which counties are for the purpose of the act deemed to be included, upon the adoption of the act by such municipalities. *Section 1.* When so adopted, the commission shall classify the offices and employments into the four classes called the exempt, the competitive, the non-competitive and the labor classes, changing the classification from time to time as it deems proper. *Section 12.* Certain offices, &c., are by the statute included in the exempt class, but that now in question is not one of them. *Section 13.* Essex county, where relator was employed, apparently adopted the act, and the commission seems to have classified court officers in the competitive class. This resulted in the requirement of examination and certification by the commission as a prerequisite to appointment under permanent tenure. *Sections 17, 21,* inclusive. Temporary appointments may be made but not for over two months, and without renewal. *Section 29.*

Now, it is obvious that if the supplement of 1912 be held to apply to temporary appointments, the entire scheme of appointments for merit after examination will, so far as relates to court officers, be nullified by the simple expedient of making temporary appointments; for once in office, the tenure becomes permanent by the statute of 1912, which applies to all such officers holding office at the time of the introduction of the act or appointed in the future. We cannot believe that the legislature intended the supplement to have this effect. What it did intend, as we view the matter, was to accomplish two things—*first,* that court officers *de jure* be brought within the provisions of the act as to tenure, irrespective of the adoption of the act by the county, and *secondly,* that they enjoy such tenure in counties where the

Civil Service act is in force, even though the civil service commission might have theretofore classified them in the exempt class. But this relates only to permanent appointees. Granting that in countics that have not adopted the act, the tenure of court officers generally is brought within the act, it cannot be that in counties which have adopted it, the temporary appointment feature of it is to be repudiated. The act of 1912 is a supplement, and, consequently, becomes part of the original act, and must be read with it; and we cannot read the supplement so as to nullify the act itself unless the meaning is so plain as to make that result inevitable. In our view, it is clear that in the clause relating to future appointees the legislature intended to include, so far as relates to counties that adopt the Civil Service act, only those court officers claiming under permanent appointment, and not those temporarily appointed. This construction as to future appointments necessarily applies also to those in service at the time of introducing the act, for the two clauses are in juxtaposition and it would be absurd to suppose that any distinction was intended.

We conclude, therefore, that the supplement of 1912 does not apply to court officers temporarily appointed pursuant to section 29, whether such appointment was made before or after the introduction of the act; and this leads to a second discharge of the rule to show cause, with costs.