The Town of Harrison passed a resolution on January 11, 1944 reciting that "Whereas, there is a shortage locally of eligible candidates for permanent appointment to the police and fire departments respectively due to the enlistment of large numbers of eligible candidates in the Armed Forces of our Country and the employment of others in war industries, Whereas, retirement and illness has created a shortage of manpower in both departments * * *. Whereas, *Page 271 
until the emergency shall reduce the requirements for the services of both departments the Council in its judgment has decided that both departments need and should have additional employees, the term of whose employment shall be entirely temporary to meet the emergency. Be it resolved * * * 1. That the police and fire committees * * * are authorized to employ from time to time and entirely at the pleasure of the respective committees for such period of time not extending beyond December 31st, 1944, such additional employees as may be found necessary to carry on police and fire service. Such employees shall have the title of temporary police * * * and temporary fire department employees * * *. 2. Men employed as aforesaid * * * shall be employed at the pleasure of the committee employing them and may be discharged without cause at any time. * * * The employment * * * under * * * this resolution shall in no event, be construed or be effective to create a permanent employment * * *." Thereafter on May 9, 1944 the resolution was amended with respect to the rate of pay but otherwise it remained unchanged and in full force and effect.
The legislative authority for employment of temporary employees is R.S. 40:47-3, "The body or officer or officers in the respective municipalities having authority to appoint to or employ members of the police department and force, or of the fire department and force therein, may, however, employ officers or men temporarily in case of emergency, or for parts of years, where their services are not needed throughout the entire year, and discharge them at the expiration of such temporary employment."
Plaintiffs, Michael Wenzel, Edward Kinsella, Thomas Conroy, Richard Sullivan and Henry Kaminski were appointed to the Police Department on June 9, 1944. Frederick Clifton, Thomas Ryan, Francis Ryan, Charles Melvin, James Steiner, Frank Spezzana, John Leen, William Hedderman, Thomas McIntosh, William Barton and David Szilagyi were appointed to the Fire Department on the same date. All served from that date until March 4, 1947 when they were discharged. Plaintiffs then appealed to the Civil Service Commission for *Page 272 
reinstatement and after hearing the Commission dismissed the appeal. A writ of certiorari was allowed to review the latter order and thus the matter comes before use.
It is argued that plaintiffs hold under a resolution passed in April, 1944 which contained no limitation as to the terms of employment. In attempting to establish this fact, Michael J. Giordano, a councilman of the Town of Harrison from 1935 to 1946 was called and testified to a resolution said to have been passed in April, 1944 which purportedly was silent as to temporary employment. No such resolution appears in the minute book and the witness finally admitted that he could not remember any resolution adopted in April. The plaintiffs have failed to establish the existence of the alleged resolution of April 1944.
Plaintiffs next contend that since they were employees of the municipality on the date when civil service was adopted, therefore they are entitled to civil service status and tenure. They rely upon R.S. 11:21-6, the applicable part of which reads: "Hereafter, all * * * employees in the employ of any * * * municipality * * * at the time of the adoption of this subtitle by such * * * municipality, * * * coming within the competitive or noncompetitive class of the civil service, except such as may be appointed between the time of the filing of the petition for the adoption of this subtitle and the holding of the referendum for the adoption thereof in such * * * municipality * * *, shall continue to hold their offices or employments, and shall not be removed therefrom except in accordance with the provisions contained in this subtitle relative to the removal of persons in the competitive or noncompetitive class, it being the intention hereby to include any and all such * * * employees within the classified service of a * * * municipality * * *." It is said that the expression "all * * * employees" coupled with the phrase "to include any and all such employees within the classified service", bespeaks a legislative intent to include within the term "all employees" those having not only permanent but temporary employment. The interpretation contended for may not be adopted. *Page 273 
In Freas v. City of Cape May, 77 N.J.L. 164 (Sup.Ct.
1908) Freas claimed that under the tenure of office act, he could not be lawfully discharged without charges being preferred against him and a hearing thereon. The statute, P.L. 1899,Chapter 16, provided that "The officers and men employed in the police department of every city shall severally hold their respective offices and continue in their respective employment during good behavior, efficiency and residence in the city where employed, and no person shall be removed from office or employment in the police department of any city for political reasons, or for any other cause than incapacity, misconduct, non-residence or disobedience of just rules and regulations heretofore established, or which may be established, for the government of the police force or police department of the city; * * * and provided further, that it shall be lawful for the board, body or person in the respective cities of this state having authority to employ members of the police department therein, to employ officers or men temporarily in cases of emergency or for parts of years in cases where their services are not needed throughout the entire year, and discharge them at the expiration of such temporary employment." The Supreme Court dismissed a writ of certiorari whereby Freas sought to review the action of the municipality in discharging him. The court said: "The evidence leaves no doubt in our minds that it was not the intention of the common council, or the understanding of the prosecutor, that he was appointed a member of the regular police force, but, on the contrary, that he was an appointee under the proviso contained in the first section authorizing the employment and discharge of policemen temporarily in cases of emergency or for parts of years in cases where their services were not needed throughout the entire year. That they did not discharge him at the end of the summer season, but permitted him to continue his services for a longer period, does not change the distinct terms of his employment. * * * The conclusion which we have reached is that the writ ought not to go because the affidavits upon which this application is based show that the original appointment was temporary in its character, and nothing appears *Page 274 
to show that there was not a case of emergency requiring his continuance in office beyond the summer season of 1904." Applying this reasoning to the instant case, it is clear that these plaintiffs held by virtue of the resolution of January 11, 1944 which clearly and repeatedly set forth the temporary nature of the employment. The wording of the proviso of section 1 ofP.L. 1899, Chapter 16 and the wording of R.S. 40:47-3 demonstrates that the substance of the two enactments is identical. In Shalvoy v. Johnson, 84 N.J.L. 547 (Sup.Ct.
1913) one Shalvoy held a rule to show cause why mandamus should not issue directing the Civil Service Commission to certify his pay as court attendant in the courts of Essex County. He claimed under a temporary appointment, which he asserted became a permanent tenure by reason of Laws 1912, c. 82, a supplement to the Civil Service Act reading: "Every officer or employe of the Circuit Court, Court of Oyer and Terminer, Court of Common Pleas, or Court of General Sessions in each of the counties of this State, holding office or employment at the time of the introduction of this act, or who may hereafter be appointed, shall continue to hold their offices or employments, as the case may be, and shall not be removed therefrom, except in accordance with the provisions of the act to which this act is a supplement."
The court discharged the rule, saying: "Now, it is obvious that if the supplement of 1912 be held to apply to temporary appointments, the entire scheme of appointments for merit after examination will, so far as relates to court officers, be nullified by the simple expedient of making temporary appointments; for once in office, the tenure becomes permanent by the statute of 1912, which applies to all such officers holding office at the time of the introduction of the act or appointed in the future. We cannot believe that the legislature intended the supplement to have this effect. * * * In our view, it is clear that in the clause relating to future appointees the legislature intended to include, so far as relates to counties that adopt the Civil Service act, only those court officers claiming under permanent appointment, and not those temporarily appointed. This construction as to future appointments necessarily *Page 275 
applies also to those in service at the time of introducing the act, for the two clauses are in juxtaposition and it would be absurd to suppose that any distinction was intended." In Freasv. Cape May, supra, the court was dealing with the tenure of office act, since repealed, and in Shalvoy v. Johnson, supra,
the court was dealing with a supplement to the Civil Service Act relating to court officers. Nevertheless the reasoning in both cases is equally applicable to the present situation.
Furthermore, with the adoption by the Town of Harrison of Civil Service on November 7, 1944, Chapter 64 of the Laws of 1944, which by reenactment remained in force until June 30, 1947, became effective therein. That statute provides that "No person appointed in a provisional or temporary capacity under the provisions of this act shall by virtue thereof be granted, acquire or be given permanent status * * *." The plaintiffs' appointments as temporary employees therefore remained unchanged by virtue of the cited statute.
The argument that the resolution of January 11, 1944 and the amendment thereto were illegally passed in that while there was a national emergency, there was none in the Town of Harrison is specious. The final point raised charges the Civil Service Commission with bias, prejudice and misapplying of the law. There is nothing to substantiate the charge of bias and prejudice and what we have said above is dispositive of the alleged misapplication of the law.
For the reasons stated, the order of the Civil Service Commission under review is affirmed. *Page 276