GORDON W. ADAMS, PLAINTIFF, v. CITY OF ATLANTIC CITY, A MUNICIPAL CORPORATION OF THE COUNTY OF ATLANTIC IN THE STATE OF NEW JERSEY, DEFENDANT.

Decided June 14, 1948.

For the plaintiff, *Lee F. Washington.*

For the defendant, *Leon Leonard.*

LLOYD, C. C. J. and S. C. C. This matter comes before the court on a motion to strike out a complaint filed under the provisions of the Uniform Declaratory Judgments Act, *R. S.* 2:26–66, *et seq.; N. J. S. A.* 2:26–66, *et seq.* The facts, as recited in the complaint and necessarily admitted for the purposes of this motion, are as follows:

In June of 1943, the plaintiff was appointed a temporary fireman in the paid fire department of the City of Atlantic City, at an annual salary of $2,050, beginning June 16th, 1943. Said appointment was made by the Director of Public Safety as the municipality's duly authorized appointing authority. At the time of the appointment, Atlantic City had already adopted the provisions of the Civil Service Act, *R. S.* 11:1, *et seq.; N. J. S. A.* 11:1, *et seq.,* and, according to the complaint, the municipality "has ever since been governed by said act, as supplemented and amended." Plaintiff emphasizes in his complaint that his appointment was originally of a temporary nature, "pending the holding of a civil service examination for the position." Plaintiff was sworn in, placed in the regular uniform of the paid fire department, assigned to a regular full-time shift and continued as a paid fireman until March 3d, 1944, on which date he enlisted in the United States Navy.

On November 10th, 1944, plaintiff received his honorable discharge from the navy and he then returned to his employment with the Atlantic City fire department. He continued to serve as a paid fireman until February 28th, 1947, when, according to the complaint, "he was summarily dropped from his said position, without cause, or hearing, or charges, or trial."

Plaintiff contends that under *R. S.* 38:16–1; *N. J. S. A.* 38:16–1, Veterans' Tenure Act, he was protected in his employment and that his dismissal was illegal and void. He further contends that by reason of the facts recited in his complaint, a justiciable controversy has now arisen between

plaintiff and the defendant touching the plaintiff's status with respect to his alleged office, position, or employment and his right to collect back salary from the date of his allegedly illegal discharge. Plaintiff asks a judgment in his favor declaring that his discharge from employment was illegal and void and that he was and has remained a permanent employee of the Atlantic City fire department. He further asks a judgment against the defendant for all back salary from the date of his allegedly illegal discharge.

Defendant moved to strike out the complaint on the ground, *inter alia*, that plaintiff is precluded from instituting an action for a declaratory judgment in this matter because there are other legal remedies available to him and, particularly, because he has not exhausted his statutory remedies.

Since the adoption of the Uniform Declaratory Judgments Act in this state our courts have held that the declared purpose of the act, *R. S.* 2:26–67; *N. J. S. A.* 2:26–67, limited its application ordinarily to cases where rights had not yet been invaded or wrongs yet committed to the extent of actionable damage; that whether or not relief under the act should be granted is a matter resting in sound, judicial discretion, but that such relief ought not ordinarily to be granted where another adequate remedy is at hand. *Empire Trust Co.* v. *Board of Commerce, &c.,* 124 *N. J. L.* 406; 11 *Atl. Rep.* (2d) 752. This interpretation, in so far as it indicates that the mere availability of another adequate remedy is sufficient reason for denying relief under the Declaratory Judgments Act, has been adversely criticised and even expressly repudiated by the federal courts and text writers. *Franklin Life Insurance Co.* v. *Johnson* (10th Cir.), 157 *Fed. Rep.* (2d) 653. *Borchard, Declaratory Judgments* (2d ed.) 315, *et seq.,* and cited cases. But even the broadest view of the scope of the act suggests that discretion should be exercised against granting declaratory relief where another remedy would be more effective or appropriate. *Borchard* (2d ed.) 302, *et seq.,* and cases cited. 34 *DuVall, "Declaratory Actions," Amer. Bar Ass'n Journal* (*May,* 1948), 379, *et seq.,* and cases cited. Even stronger is the caution against allowing the use of the Declaratory Judgment to replace an administrative

or other specific, statutory procedure for relief. *Borchard* (*2d ed.*) 861; *U. S. Fidelity and Guaranty Co.* v. *Thirion,* 123 *N. J. L.* 29; 7 *Atl. Rep.* (*2d*) 863.

In the instant case, the complaint shows on its face that plaintiff's original, temporary appointment was necessarily subject to the terms of the Civil Service Act. Therefore, the question of whether or not that temporary appointment developed or was changed into a permanent position by the happenings and circumstances recited in the complaint is one for presentation, in the first instance, to the Civil Service Commission, under *R. S.* 11:22–38 or 11:25–1; *N. J. S. A.,* 11:22–38 or 11:25–1, or by petition to a Supreme Court Justice for summary review under *R. S.* 11:25–4; *N. J. S. A.* 11:25–4. The statutory proceedings are clearly more effective and appropriate than a declaratory judgment from this court could be in settling the present controversy between the parties. Moreover, the Declaratory Judgments Act ought not to be used to nullify the express provisions of the Civil Service Act. *Borchard* (*2d ed.*) 861, and cases cited. *U. S. Fidelity and Guaranty Co.* v. *Thirion, supra.*

In pleading the Veterans' Tenure Act, *R. S.* 38:16–1; *N. J. S. A.* 38:16–1, to support his request for declaratory relief, plaintiff disregards the admission in his complaint that Atlantic City operates under the provisions of the Civil Service Act and that this act was controlling the appointments to the Atlantic City fire department at the time of plaintiff's temporary appointment and at all times since. It is settled that a temporary appointment under civil service cannot be converted into a permanent appointment except through compliance with the terms of the Civil Service Act. *Shalvoy* v. *Johnson et al.* (*Supreme Court*), 84 *N. J. L.* 547; 87 *Atl. Rep.* 471. The Veterans' Tenure Act has been expressly held inapplicable to positions controlled by the Civil Service Act. *Dodd* v. *Van Riper* (*Court of Errors and Appeals,* 1946), 135 *N. J. L.* 167, *et seq.*; 51 *Atl. Rep.* (*2d*) 34. Certainly the Veterans' Tenure Act by its own terms is inapplicable to appointments made for a fixed or stated period of time; *R. S.* 38:16–1; *N. J. S. A.* 38:16–1, and the duration of plaintiff's temporary appointment was at all times limited by *R. S.* 11:22–15; *N. J. S. A.* 11:22–15.

If in pleading the Veterans' Tenure Act, plaintiff meant to show that somewhere during his employment the Civil Service Act ceased to control that employment, all he would be showing thereby would be that said employment was *ultra vires* and void, because contrary to legislative enactments, which plaintiff admits were binding on the municipality. In that situation, plaintiff could have had no employment, position or office under the municipal government which the Veterans' Tenure Act could protect. Whatever the intention was in pleading both the Civil Service Act and the Veterans' Tenure Act, plaintiff's complaint fails to set forth any ground for relief by way of a Declaratory Judgment from this court.

Plaintiff raised objections to the notice of motion, arguing that the grounds stated therein were not sufficiently specific. Said objections were not well taken.

For the reasons stated above, the motion to strike is granted.