LAJINESS v. YAEGER.

1. Declaratory Judgment—Administrative Law—Courts—City Pension Board.

Determination of fact by city pension board of trustees that plaintiff fireman was not entitled to pension because his injury and disease were not "the natural and proximate result of the actual performance of duty to the city, without willful negligence on his part" having been made by an administrative tribunal having jurisdiction thereof, is not reviewable by a court under the declaratory judgment procedure (CL 1948, § 691.501 et seq.).

2. Same—Determination of Disputed Question of Fact—Administrative Law.

The declaratory judgment procedure will not lie as a substitute for certiorari or other permissible review, nor for the determination of disputed fact by an administrative tribunal having jurisdiction to make such determination (CL 1948, § 691-.501 et seq.).

References for Points in Headnotes

[1, 2] 16 Am Jur, Declaratory Judgments § 17 et seq.

Appeal from Monroe; Golden (Clayton C.), J. Submitted April 16, 1958. (Docket No. 94, Calendar No. 47,112.) Decided June 11, 1958.

Bill by Howard Lajiness against Norbert Yaeger and others, as trustees of the retirement system for employees of the city of Monroe, for declaratory judgment to secure pension benefits. Bill dismissed. Plaintiff appeals. Affirmed.

*Thomas E. Griffin (Philip A. Costello, of counsel),* for plaintiff.

*Harry A. Lockwood,* City Attorney, for defendants.

BLACK, J. Plaintiff's petition for declaration of rights, submitted to the Monroe circuit in chancery, was dismissed on motion of the defendant municipal pension board.* Plaintiff appeals.

Plaintiff alleges that he was and is a member of the "City Pension Plan" of Monroe, which "plan" was established as and remains a part of the Monroe city charter; that on August 11, 1944, he was engaged as a Monroe city fireman in fighting a fire according to duty; that in the course of such duty he "breathed into his lungs poisonous gases that were injurious to human tissue, including the tissue of the lungs;" that pulmonary tuberculosis was caused thereby; that he was "incapacitated from the per-

---

* We refer to what was said in *Detroit Automobile Inter-Insurance Exchange* v. *Powe,* 348 Mich 548, 556 and note the sorry picture of due submission to the chancellor of the mentioned motion to dismiss on July 25, 1951, and inexplicable omission of determination thereof until April 30, 1956. Again, as in the cited case, comes this latest example of cause for adoption of Court Rule No 78 (effective March 1, 1956), 344 Mich xiv. Our concern is this: In final analysis this Court—the constitutionally charged superintendent—is responsible for the injustice of delayed justice whenever and wherever it occurs in Michigan. No more need be said on present after-the-fact occasion.

formance of his duties as a city fireman due to this tubercular condition, on June 12, 1946, and is still incapacitated;" that he will in the future "be totally disabled and totally incapacitated for further performance of duty to the city;" that he was awarded compensation (under the workmen's compensation act) in the total sum of $3,490 for and on account of such incapacity; that in August of 1946 he applied to the defendant board for a pension under section 367 of the mentioned charter, which section reads as follows:

"Section 367. Duty Disability Incurred. Upon the application of a member, or his department head, a member who becomes totally incapacitated for duty as the natural and proximate result of the actual performance of duty to the city, without willful negligence on his part, shall be retired by the board; provided, the medical director after medical examination of such member shall certify that such member is mentally or physically totally incapacitated for the further performance of duty to the city and that such member should be retired.";

that the defendant board "unreasonably and without any justifiable cause" denied him pension rights under the quoted charter provision and, to the crux of his bill:

"6. That from time to time since the original filing of the said claim for pension, the said defendants and their predecessors, as trustees of the pension board, have passed upon the application, and the last time they denied the application on a vote of 4 to 3 of the membership of the trustees, was on the 19th day of March, 1951."

The petition prays:

"That this court construe the said charter of the city of Monroe, above referred to and being section No 346 to section No 388 inclusive of the existing

charter of the city of Monroe, county of Monroe, Michigan, under the facts and circumstances herein alleged, and this court to determine whether or not the plaintiff herein is entitled to the benefits of said pension plan, under section 367; and the plaintiff prays that a temporary injunction as above requested be issued, and that he may have such other and further relief as to this court shall seem just."

The chancellor, having considered defendants' motion to dismiss for a period of nearly 5 years, finally ruled as follows:

"The said trustees, after a hearing on said petition, determined as a matter of fact that petitioner's injury and disease were not 'the natural and proximate result of the actual performance of duty to the city, without willful negligence on his part.' * * *

"The subject matter of the controversy having been adjudicated by a tribunal having jurisdiction thereof, the court is of the opinion that declaratory judgment procedure will not lie as a substitute for certiorari or other permissible review, nor for the determination of disputed fact only. *Central High School Athletic Association* v. *City of Grand Rapids,* 274 Mich 147; *Village of Grosse Pointe Shores* v. *Ayres,* 254 Mich 58; *State Bar of Michigan* v. *Ingham Circuit Judge,* 307 Mich 393; *Rott* v. *Standard Accident Ins. Co.,* 299 Mich 384; 16 Am Jur, p 295; 154 ALR 740, 743."

We agree with the quoted reasoning and conclusion of the chancellor. Proceedings under the declaratory judgment statute* cannot be substituted for adequate and available remedies of review of decisions by duly-constituted administrative tribunals. The defendant pension board, having determined adversely plaintiff's claim to a pension, has adjudicated that claim with finality subject only to possible direct review of its determination. *Central High*

---

* See CL 1948, § 691.501 *et seq.* (Stat Ann § 27.501 *et seq.*).—RE-PORTER.

*School Athletic Association* v. *City of Grand Rapids,*
274 Mich 147, cited by the chancellor, is controlling
here.

Affirmed, with costs to defendants.

DETHMERS, C. J., and CARR, KELLY, SMITH, ED-
WARDS, VOELKER, and KAVANAGH, JJ., concurred.