**SWEETWATER COUNTY PLANNING COMMITTEE FOR the ORGANIZATION OF SCHOOL DISTRICTS, Appellant (Intervenor below),**

v.

**Leonard HINKLE et al., Appellees (Appellants below).**

**No. 3998.**

Supreme Court of Wyoming.

Feb. 15, 1972.

Robert H. Johnson, Rock Springs, for appellant.

John A. MacPherson and T. Michael Golden, Rawlins, for appellees.

Before McINTYRE, C. J., and PARKER, McEWAN, and GUTHRIE, JJ.

McINTYRE, Chief Justice.

## FINAL OPINION

We have retained jurisdiction in this case since the rendering of our original opinion, which is reported in 491 P.2d 1234. Subsequent to such original opinion, some of the interested parties have petitioned our court to authorize or approve organization plans for school districts in Sweetwater County.

All interested parties appear to be in general agreement that School District No. 2 (Green River) and School District No. 6 (Granger) may be organized in a unified school district; but certain reservations have been expressed with respect to such reorganization.

The varying petitions and requests presented to the court since our original opinion make it clear the court is being called upon to perform a function which does not properly belong to our court, i.e., that of completing the reorganization of school districts in Sweetwater County. Such petitions and requests have also made it clear that our retaining of jurisdiction is hampering and interfering with the proper performance of duties by duly constituted school administrators and officials.

As we said in our original opinion, we can no longer ignore inequalities throughout our state in the matter of taxation for school purposes. However, nothing can be done about this until the legislature convenes. We therefore see no need for continuing our jurisdiction in this particular case. Indeed, it is apparent those charged with responsibility for the reorganization of school districts should be left free to perform their duties and statutory responsibilities as best they can until the legislature has taken proper steps to equalize ad valorem taxes for school purposes on a statewide basis.

Any adversely-affected taxpayer will be able to maintain an action upon the question of invidious discrimination if such exists after the legislature has convened and adjourned. In the meantime, we must assume the state committee for school district organization and other school officials will perform their duties in a reasonable and lawful manner. Adequate procedures for the review of administrative action in any case, where it is claimed such action is improper or arbitrary, are available to aggrieved parties.

The parties who are directly affected in the problem pertaining to Bairoil have indicated an interest in arriving at a mutually satisfactory solution, and apparently negotiations in this regard are under way. It is not intended by this final opinion to in any way interfere with or terminate such

negotiations. Indeed, the state committee and all concerned school officials are necessarily as interested as the court in having an agreement among the interested parties with respect to the Bairoil problem.

■ The district court specifically issued a restraining order prohibiting the state committee and the county committee from taking any action to place in effect the county plan of school district reorganization with respect to Bairoil School District No. 25. We are sure the state committee is aware of the provisions of § 21.- 1–109(a), W.S.1957, 1971 Cum.Supp., which provides that unified districts shall be organized as efficient administrative units considering primarily the education, convenience, and welfare of the children. We must assume this requirement will be adhered to, and continuation of the district court's restraining order in that regard is not necessary. It is therefore vacated.

Considerable argument has been made to us concerning the meaning of § 21.1–113, W.S.1957, 1971 Cum.Supp. It provides, if an approved plan has not been filed for any territory in any county or counties, by December 1, 1971, then the state committee is authorized to reorganize such territory into a unified school district or districts "or to combine such territory with any contiguous unified district or districts."

While it is true the county committee's plan for Sweetwater County was at one time approved by the state committee, the district court found the plan illegal and improper because it did not create an efficient administrative unit as far as Bairoil is concerned. The case was remanded by the district court to the state committee with instructions to reject the plan of organization devised by the county committee, and the state committee rescinded its approval.

The proceedings on appeal have made it very clear that there is at this time no enforceable agreement between the county committee of Sweetwater County and the county committee of Carbon County whereby the Rawlins school system will run the Bairoil school system for an annual cost of $208,000. Inasmuch as the plan of the county committee of Sweetwater County was predicated on such an agreement, issues presented by the appeal of the Sweetwater County Planning Committee, as an intervenor, are rendered moot.

■ We therefore consider the situation at least equivalent to what the situation would be if an approved plan had not been filed for any of the territories involved in Sweetwater County, by December 1, 1971. The state committee therefore has jurisdiction and the right to reorganize any of the Sweetwater County territories into a unified school district or districts. We cannot anticipate what problems may or may not arise if and when this is done.

Whether the state committee has a right to combine any territory in Sweetwater County with a contiguous unified district in Carbon County is not at issue in this case. Such a thing has not yet happened. If it does happen in the future, the legality of such action can of course be tested in an appropriate action.

■■ As previously indicated, there are ample provisions for review by the courts of administrative action. Ordinarily, the function of courts, in connection with such review, is to approve or disapprove the administrative action. It is not ordinarily within the prerogative of courts to substitute their judgment for administrative authority or to perform duties assigned by law to administrative boards, committees and officers.

In view of what we have said, it is apparent nothing further remains to be decided in this case and we should relinquish jurisdiction.

Jurisdiction relinquished.