The CITY OF CHEYENNE, a municipal corporation, et al., Appellants
(Plaintiffs below),

v.

A. Kermit SIMS, as Laramie County Assessor, et al., Appellees (Defendants below).

No. 4270.

Supreme Court of Wyoming.

May 8, 1974.

William A. Riner, Trierweiler & Bayless, Maxwell Osborn, City Atty., Cheyenne, for appellants.

Thomas J. Carroll, Co. Atty., John F. Lynch, Deputy Co. Atty., Cheyenne, for appellees.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Mr. Justice GUTHRIE delivered the opinion of the court.

This case presents the sole question of whether a taxpayer who claims certain property is exempt from taxation may secure relief by virtue of the Declaratory Judgments Act, §§ 1–1049 to 1–1064, W.S. 1957, 1973 Cum.Supp., without first presenting the claim of exemption to the county assessor and county board of equalization.

Appellants filed a complaint seeking to have the district court declare that a certain structure erected on Cheyenne Municipal Airport property which had been assessed and taxed by Laramie County officials for the years 1969, 1970, and 1971, was exempt from taxation during those years because of the nature of its use during that period.

The defendants filed an answer, and the only part which is material here is that portion asserting as a defense the failure to make complaint to the county board of equalization as provided by our statutes. They also filed a motion for summary judgment supported by proper affidavit showing that no complaint had been made nor had this question been submitted to either the assessor or county board of equalization. The trial court entered judgment for the defendants thereon.

Appellants concede these facts and state that the question posed is as follows:

" * * * whether they were required, as a matter of exclusive remedy, to raise that question by administrative objection to the assessment by proceedings before the Laramie County Commissioners sitting as the County Board of Equalization."

Appellants would narrow the function of the county board of equalization to "primarily clerical and value problems." This view is not consistent with the following portion of our statute enumerating the board's powers:

" * * * And the said board may increase, diminish, or otherwise alter or correct any assessment or evaluation contained in said assessment roll." Section 39–45, W.S.1957.

To narrow the board's function to the extent contended by appellants is to ignore the words "otherwise alter or correct."

That it is within the function of the assessor and the board of county commissioners to pass upon said exemptions is demonstrated by § 39–15, W.S.1957, which provides that the so-called exemption statute, § 39–7, W.S.1957, shall be strictly construed and only such exemptions as are clearly authorized be allowed, and additionally provides a criminal penalty for the wrongful exemption of any such property by any assessor or county board.

Appellants, to sustain their position to their right to a declaratory judgment, make reliance upon the case of Bunten v. Rock Springs Grazing Ass'n, 29 Wyo. 461, 215 P. 244, and the distinction therein made between "irregular" and "illegal" taxation, contending this is an illegal tax and that therefore Bunten is authority for relief under the Declaratory Judgments Act. Factually we do not consider that case of any particular persuasive value in the disposition of this matter because, among other things, that opinion reflects there was original reliance on administrative relief and that plaintiff therein appeared before the county board and made a showing to sustain his position. It may be further noted that some of the cases cited in Bunten to sustain appellants' position indicate, from a reading thereof, appearances before the taxing authorities.

Appellants overlook the fact that municipal property as such is not exempt

from taxation under our State Constitution and statutes but that the exemption resolves itself into a question of the use, it being exempt only "when used primarily for a governmental purpose."[1] The case of City of Cheyenne v. Board of County Commissioners of County of Laramie, Wyo., 484 P.2d 706, 710, involves a most similar set of circumstances, clearly demonstrating that the exemption of such property is solely dependent upon its use and is therefore solely a question of fact and not of law or the constitutionality of said statute.

■ In consideration of the instant case we must suggest the obvious—that the operation, supervision, and control of our statewide system of taxation, particularly the assessment and levy of taxes, is a function reserved solely to the administrative officers of an executive department of this state and cannot become a function or duty of the courts.[2]

Sections 39–44 to 39–51, inclusive, W.S. 1957, provide a full and readily available forum for objections to assessments, providing for the filing of a complaint under oath specifying the respect in which the assessment was incorrect (§ 39–48), providing for the taking of testimony and presentation of proofs before the county board (§ 39–49), and granting to the board the power to alter or correct any such assessment (§ 39–45). The statute in effect at the time this matter arose, § 39–26(b), W.S.1957 (since repealed by Ch. 248, S.L. of Wyoming 1973) made further provision for the submission of the matter to the State Board of Equalization for review, and the Administrative Procedure Act, § 9–276.19, W.S.1957, 1973 Cum.Supp., gave the appellants opportunity for review. They in no manner relied upon or attempted to seek such relief and there is no reason assigned for any assumption of jurisdiction by the courts except that the Declaratory Judgments Act is a cumulative remedy in such cases.

■ In absence of the original power of the courts to assess property or levy taxes —the original responsibility lying with the county assessor and county board of equalization—the doctrine of exhaustion of remedies as contrasted to the primary jurisdiction doctrine is applicable because when the sole original determination lies with another body than the courts it is proper to apply such doctrine.[3]

There is probably no more clear statement of the operation of this than the following:

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law. See generally 3 K. Davis, Administrative Law Treatise, § 20.01 et seq. (1958 ed., 1965 Supp.); L. Jaffe, Judicial Control of Administrative Action 424–458 (1965). The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.' Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938).

1. Article 15, § 12, Wyo.Const., implemented by § 39–7, W.S.1957, 1973 Cum.Supp.

2. In Sweetwater County Planning Committee For Organization of School Districts v. Hinkle, Wyo., 493 P.2d 1050, 1052, we find the following:
"As previously indicated, there are ample provisions for review by the courts of administrative action. Ordinarily, the function of courts, in connection with such review, is to approve or disapprove the administrative action. It is not ordinarily within the prerogative of courts to substitute their judgment for administrative authority or to perform duties assigned by law to administrative boards, committees and officers."
Also, Bunten v. Rock Springs Grazing Ass'n, supra, 215 P. at 249, sets out the same general rationale.

3. United States v. Western Pacific Railroad Company, 352 U.S. 59, 77 S.Ct. 161, 165, 1 L.Ed.2d 126; United States v. Radio Corporation of America, 358 U.S. 334, 79 S.Ct. 457, 465, 3 L.Ed.2d 354.

* * * " McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194.[4]

Declaratory judgment should not be used to usurp or replace specific administrative relief, particularly when the initial decision is committed to an administrative body.[5] No reason has been pointed out to this court by the appellants why justice requires the exercise of declaratory judgment power in this case.

Affirmed.

4. 73 C.J.S. Public Administrative Bodies and Procedure § 41, p. 351, n. 35, and numerous cases cited.

5. Cha-Toine Hotel Apartments Bldg. Corp. v. Shogren, 7 Cir., 204 F.2d 256, 259; Adams v. Atlantic City, 59 A.2d 825, 826, 26 N.J. Misc. 259; Lajiness v. Yaeger, 352 Mich. 468, 90 N.W.2d 487, 489.