On respondent's petition for reconsideration filed December 29, former opinion filed November 21, 1978, 37 Or App 219, 586 P2d 816, reconsideration allowed, former opinion withdrawn, affirmed February 20, reconsideration denied March 27, Supreme Court review allowed June 26, 1979,
287 Or 1

MEGDAL, *Petitioner,*

*v.*

OREGON STATE BOARD OF
DENTAL EXAMINERS, *Respondent.*

(CA 9772)

590 P2d 745

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for petition.

No appearance contra.

TANZER, J.

**TANZER, J.**

Respondent has petitioned for review pointing out that our holding that the phrase "unprofessional conduct" in the dental licensing statute, ORS 679.140, is so vague that it cannot be applied without clarifying rules is contrary to the holding of the Supreme Court in *Board of Medical Examiners v. Mintz,* 233 Or 441, 378 P2d 945 (1963), that the same phrase in the predecessor statute was not void for vagueness. Treating it as a petition for reconsideration, Rule 10.10, it is granted.

■ Upon reconsideration we withdraw our original holding. Petitioner's contention that the phrase is void for vagueness is answered by reference to *Mintz,* which (as petitioner's opening brief acknowledged and the dissent pointed out) holds to the contrary and binds this court. Whether rules may be required under *Sun Ray Dairy v. OLCC,* 16 Or App 63, 517 P2d 289 (1973), or whether the order is deficient for failure to express a reasoned nexus between the acts and the statutory purpose of professional regulation, *see McCann v. OLCC,* 27 Or App 487, 556 P2d 973 (1976) *rev den* (1977), are not presented as issues in this petition for review and we do not consider them. We hold that the statutory phrase "unprofessional conduct" is not void for vagueness. It is for the Supreme Court, not this court, to reconsider *Mintz.*

This disposition of petitioner's third contention makes it necessary that we deal with his first two contentions which were not reached in the initial opinion.

■ First, petitioner contends that there was not substantial evidence to support respondent's finding that he intentionally misrepresented to the insurer that dentists that he employed in his California office were employed in Oregon where the malpractice insurance rates were much lower. The insurer did not offer such

[ 471 ]

insurance in California. Petitioner wrote to the insurer on his Grants Pass office letterhead requesting the addition of the dentists to his policy coverage. The addresses of those dentists on the accompanying application forms are obliterated. This evidence supports an inference that petitioner intended by the information that he conveyed to cause the insurer to believe that the dentists were employed in Oregon.

The second contention is that the sanction, license revocation, was unreasonable is answered to the contrary by *Mary's Fine Food, Inc. v. OLCC,* 30 Or App 435, 440, 567 P2d 146 (1977).[1]

■ Reconsideration allowed. Former opinion withdrawn. Affirmed.

---

[1]Speaking for myself, but not necessarily for my colleagues, I would reconsider our holding in *Mary's Fine Food, Inc. v. OLCC, supra,* that the order need not contain an express rationalization of the sanction.