Argued September 19, remanded November 26, 1979
reconsideration denied January 10, motion to supplement
petition for review allowed, order denying petition
for review dated February 12 withdrawn February 20,
petition for review denied April 1, 1980 (289 Or 1)

# GRABENHORST,
*Petitioner,*

*v.*

# REAL ESTATE DIVISION,
*Respondent.*

## (CA 13781)

602 P2d 1089

John S. Folawn, Portland, argued the cause for petitioner. With him on the briefs was Jensen, De-Francq, Holmes & Schulte, Portland.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

TANZER, P. J.

**TANZER, P. J.**

The petitioner appeals from a one-year suspension of his real estate broker's license ordered by the Deputy Commissioner of the Real Estate Division for violation of ORS 696.301(6), (28), (29) and (32). The state concedes on appeal that there was no violation of subsection (28).

Petitioner argues that there was not substantial evidence in the record to support the Deputy Commissioner's findings of fact, and also argues that the facts do not support the Deputy Commissioner's conclusions that petitioner violated subsections (6), (29) and (32). In addition, petitioner argues that he was denied a fair and impartial hearing because of bias against him in the Real Estate Division. Finally, he contends that the imposition of a one-year suspension was a shocking sanction, an abuse of discretion, and a violation of his right to due process of law.

The findings which petitioner contends are unsupported are summarized in the ultimate findings of fact in the order:

"On September 7, 1976, Mr. George H. Grabenhorst, Jr. [petitioner], while attempting to obtain a real estate listing from Mr. & Mrs. Wayne Theiss, represented the listing agreement which he presented as a standard real estate listing with personal knowledge that the listing, in fact, contained a limited power of attorney which was not standard terminology of listing agreements in the real estate profession in Salem at that time and further, failed to tell Mr. & Mrs. Theiss of the existence of the limited power of attorney contained in the listing agreement."

The petitioner specifically disputes the finding that he presented this listing as a standard real estate listing. However, Mr. and Mrs. Theiss both testified that the listing was so represented to them. The other findings are also supported by evidence, but it will not serve any purpose to set out the testimony. We con-

[289]

clude there is substantial evidence to support the Deputy Commissioner's findings.

Petitioner contends that the Deputy Commissioner erred in concluding that the petitioner's actions violated specific subsections of ORS 696.301. Although he casts his arguments in terms of substantial evidence, the petitioner actually contends that the facts as found do not support the conclusions as a matter of law and we review his contentions in that light. The general statute and subsection (6) provide:

> "The commissioner may suspend or revoke the real estate license of any real estate licensee or reprimand any licensee, or may deny the issuance of a license to an applicant, who has done any of the following:
>
> "\* \* \* \* \*
>
> "(6) Made, printed, distributed or in any manner published misleading or untruthful advertising, descriptions or promises, of such character as reasonably to induce any person to act to his damage or injury."

Petitioner argues that subsection (6) is not violated unless there is proof of actual injury to the Theisses caused by the false representation that the agreement was a standard real estate listing. To violate this statute, however, an act need only create a reasonable possibility of harm regardless of whether harm actually occurred. We uphold the Deputy Commissioner's conclusion that the petitioner's misrepresentation was a violation of the statute.

Petitioner next challenges the Deputy Commissioner's conclusion that the petitioner acted negligently and thus violated subsection (29) which permits disciplinary action against a licensee who

> "[d]emonstrated negligence or incompetence in performing any act for which he is required to hold a license."

The Deputy Commissioner specifically concluded that petitioner demonstrated negligence by failing to inform the Theisses of the presence of the power of

ttorney in the listing. The petitioner argues that the eputy Commissioner could not have found him negligent because, he argues, damage is a necessary element of negligence. It is true that damages are necessary for a cause of action to be founded upon negligence, *see* Prosser, Law of Torts 143 (4th ed 1971), but the Oregon Real Estate License Law was not enacted to codify tort law. The purpose of the Real Estate License Law is "to assist in creating for the public a healthy real estate market atmosphere and to assure that professional real estate activity is conducted with high fiduciary standards." ORS 696.015. Negligent acts by a licensee may be found to have an adverse effect on the real estate market atmosphere, even if no individual suffers actual damage. Also, a licensee who conducts his business affairs negligently is not observing high fiduciary standards which the legislation intends to assure.

The standard of care for a real estate broker in a situation such as this one was stated by the Supreme Court in *Prall v. Gooden et ux*, 226 Or 554, 561, 360 P2d 759 (1961): "[A real estate broker] must * * * make a full, fair and understandable explanation to the client before having him sign any contracts, particularly when these contracts are with the broker himself." Because petitioner failed to perform his duty by pointing out and explaining the power of attorney to the Theisses we uphold the conclusion that the petitioner was negligent.

Petitioner next challenges the Deputy Commissioner's conclusion that petitioner violated subsection (32), which makes unlawful

"[a]ny act or conduct, whether of the same or of a different character specified in this section which constitutes or demonstrates bad faith, incompetency or untrustworthiness, or dishonest, fraudulent or improper dealings."

The Deputy Commissioner concluded that as a matter of law the petitioner had demonstrated incompetency, untrustworthiness and improper dealings in

[291]

his conduct with respect to the Theisses. Petitioner disputes this conclusion.

The findings that petitioner knowingly made a misrepresentation regarding the listing agreement and failed to disclose a power of attorney support his conclusion that the petitioner demonstrated incompetency, untrustworthiness and improper dealings. Particularly in light of the findings that petitioner was acting on behalf of a buyer at the time he purported to be acting on behalf of the Theisses, we uphold this conclusion.

The petitioner next argues that he was denied a fair and impartial hearing. The Commissioner had withdrawn from the case upon petitioner's motion, but the petitioner contends that prejudice against him permeated the entire Real Estate Division, and therefore the fact that the Deputy Commissioner conducted the hearing did not dispel the bias. The petitioner offers no support for his charge of bias, and without any such evidence bias will not be presumed. "Without a showing to the contrary, state administrators are assumed to be men of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances." *Gregg v. Racing Commission*, 38 Or App 19, 25, 588 P2d 1290 *rev den* (1979) *quoting United States v. Morgan*, 313 US 409, 421, 61 S Ct 999, 85 L Ed 1429 (1941); *see also Fritz v. OSP*, 30 Or App 1117, 569 P2d 654 (1977). Having made no showing of actual prejudice or bias by the hearing officer, the petitioner has failed to show he is entitled to relief.

The final argument the petitioner raises is that the sanction imposed, a one-year suspension of his license, was so shocking and appalling that it amounted to an abuse of discretion. Even assuming there may be circumstances in which we are authorized to review a sanction within statutory limits, this is not such a case. *Mary's Fine Food, Inc. v. OLCC*, 30 Or App 435,

0, 567 P2d 146 *rev den* (1977).[1] However, because e state concedes that petitioner did not violate one of e subsections which he was found to have violated, e remand to the Deputy Commissioner for reconsideration of the sanction imposed.

Remanded.

---

[1] *But see Megdal v. Board of Dental Examiners*, 38 Or App 469, 472 (n 590 P2d 745 *rev allowed* (1979).