635 P.2d 1172 (1981)
Jesse A. TOAVS, Appellant (Petitioner),
v.
STATE of Wyoming, By and Through the REAL ESTATE COMMISSION for the State of Wyoming, Appellee (Respondent).
No. 5518.
Supreme Court of Wyoming.
November 13, 1981.
*1173 Jesse A. Toavs, pro se.
Steven F. Freudenthal, Atty. Gen., and Weldon S. Caldbeck, Asst. Atty. Gen., signed the brief on behalf of the appellee. Caldbeck appeared in oral argument.
Before ROSE, C.J., and RAPER, THOMAS, ROONEY and BROWN, JJ.
RAPER, Justice.
This appeal arises from a district court's affirmance of a decision by the Wyoming Real Estate Commission (Commission) suspending appellant's real estate license for a period of six months. Appellant has proceeded pro se on this appeal. His contention appears to be that there was not substantial evidence supporting the Commission's findings that he made misrepresentations and acted in a manner demonstrating bad faith, dishonesty, untrustworthiness and incompetency. Accordingly, he has argued that it was error for the district court not to reverse the Commission.
We will affirm.
On June 9, 1980, a verified complaint was filed with the Commission against appellant, a licensed real estate agent. The incident complained of occurred in Sheridan in connection with an attempted real estate transaction. A hearing was conducted on December 3, 1980 by the Commission.
At that time various witnesses were called to testify about appellant's conduct in his attempt to negotiate the sale of a house. The prospective buyers of the house  husband and wife  testified that they were interested in purchasing property and contacted the appellant as the result of a newspaper ad. They discovered a house that interested them and then made an offer for it. The wife understood that they were going to obtain a V.A. loan on the property and that it was helpful to have an appraisal high enough to obtain a V.A. loan for most of the purchase price. There was some difficulty in obtaining a high enough appraisal. She testified that the appellant told her and her husband that the sellers would take a note for $2,800.00 for one year to cover the difference between the purchase price and the V.A. loan. There then came a point in time when she had a conversation directly with the wife of the selling couple. She then was informed that the sellers had no knowledge of any discussion concerning their willingness to accept a note for the balance of the purchase price. In summary, she stated her conclusion that the appellant misled her, her husband and the sellers about the matter of the note.
The wife of the couple who were selling the house testified that they had entered into a purchase agreement by accepting an offer from the buyers. She understood that the buyers were to get a V.A. loan. She also reported there was some difficulty in obtaining a satisfactory appraisal. This resulted in a counter-offer for a lower price which she and her husband accepted. On one occasion her husband reported to her that he discussed the matter with the appellant, and that the appellant had said that they would be getting a $2,800.00 note for the difference between the loan and the purchase price. She testified that she had no understanding about accepting a note for part of the purchase price and that she and her husband did not want to do that. They needed the money incident to their own move. When she attempted to discuss the matter with the appellant, he refused to talk about it  "he verbally threw me out of the office"; and she testified positively that she and her husband did not at any time agree either in writing or otherwise to accept a note from the buyers as part of the purchase price. She testified that she later learned from the office manager of the agency with whom appellant had been associated as a salesman that it would be illegal to enter into such an arrangement. She also testified that appellant told her that he would be handling the deal to conclusion even though he had been terminated by the agency. That was not true other than that he had been fired. The listing was with the agency, not appellant. He also advised her the agency was "folding." That also was not true.
*1174 Appellant further represented to the buyers that before the sale was consummated a $4,000.00 "gift letter" would have to be given from one of their parents representing that such sum had been given to use "anyway he pleases." Additionally appellant, in order to pressure the buyers into closing the sale, informed them that if they did not close the purchase, the sellers were going to sue them on contract. The representation was a fabrication in that no such threat had ever been communicated by the sellers to appellant.
Based upon the evidence the Commission found that appellant had violated his statutory duties as a real estate agent. Detailed findings and conclusions were made.
The Commission's power to suspend a license is set forth in § 33-28-111, W.S. 1977 which provides in pertinent part:
"(a) The commission may upon its own motion, and shall, upon verified complaint in writing of any person setting forth a cause of action under this section, ascertain the facts and if warranted hold a hearing for the suspension or revocation of a license. The commission shall have power to refuse a license for cause or to suspend or revoke a license where it has been obtained by false representation or where the licensee in performing or attempting to perform any of the acts mentioned herein is found guilty of:
"(i) Making any substantial misrepresentation; or
* * * * * *
"(ix) Any conduct in a real estate transaction which demonstrates bad faith, dishonesty, untrustworthiness or incompetency."
An administrative agency's decision must be affirmed if the action taken is within the agency's jurisdiction and is in conformity with law. Further, the findings upon which the decision rests must be supported by substantial evidence. The agency may not act arbitrarily or capriciously. The agency's decision may also be reversed if it was procured by fraud. Section 9-4-114(c), W.S. 1977, 1981 Cum.Supp.[1] See also, Sage Club, Inc. v. Employment Security Commission of Wyoming, Wyo., 601 P.2d 1306 (1979).
An act licensing real estate agents must be construed in the light of an obvious purpose of protecting the public in the handling of important and valuable transactions relating to real property. Mapes v. Foster, 38 Wyo. 244, 266 P. 109 (1928). Clearly the Commission in this case did have jurisdiction to suspend a real estate agent's license where the agent had made misrepresentations and acted in a manner demonstrating bad faith. The question appellant seems to raise is whether there is substantial evidence supporting the Commission's finding that he had made misrepresentations and acted in bad faith.
When reviewing an administrative agency's decision in order to determine whether there exists substantial evidence supporting it, we are required to look at the entire record. If substantial evidence supporting the agency's action is found anywhere in the record, we cannot reverse the agency's decision. Substantial evidence is *1175 evidence which a reasonable mind might accept as adequate to support a particular conclusion. Board of Trustees of School District No. 4, Big Horn County v. Colwell, Wyo., 611 P.2d 427 (1980).
The question is whether there existed evidence which might convince a reasonable mind that appellant made misrepresentations and acted in bad faith. The testimony of the prospective buyer and seller provided such evidence. We cannot lightly disregard the weight and credibility given witnesses by an administrative body in reviewing its determination. Snake River Land Co. v. State Board of Control, Wyo., 560 P.2d 733 (1977). We hold that there existed substantial evidence supporting the Commission's finding.
Here, the evidence is clear that the appellant misrepresented to the buyers that the sellers would accept a one-year promissory note for $2,800.00, the difference between the appraised value  $76,200.00  and the agreed upon price  $79,000.00. But even worse than that, the appellant would have led the buyers into falsely certifying to the Veterans Administration. Before that agency approves eligibility for a loan, the veteran must certify that any difference between the approved loan and the purchase price must be paid for out of cash from the veteran's own resources. 38 C.F.R. § 36.4336.[2]
The Commission has been charged with authority to discipline licensed real estate salesmen. It is not the prerogative of the courts to substitute their judgment for administrative authority or to perform duties assigned by law to administrative commissions. Sweetwater County Planning Committee for Organization of School Districts v. Hinkle, Wyo., 493 P.2d 1050 (1972). We find no reason to interfere in this case and find no abuse.
The appellant also alludes in his brief to bias and prejudice on the part of one of the Commission's members. Such an allegation is easy to make against one who has decided a case adversely to a party's interest. There is nothing to indicate that appellant was concerned about bias or prejudice prior to the Commission's decision against him; he did not raise the issue before the hearing. Further, on appeal both here and in the district court he has not backed up his claim with any factual support appearing anywhere in the record. In such circumstances we cannot find merit in appellant's claim. Bias and prejudice are not to be presumed, they must be proved. See Hopkinson v. State, Wyo., 632 P.2d 79, 104 (1981); see also Grabenhorst v. Real Estate Division, 43 Or. App. 287, 602 P.2d 1089 (1979).
Affirmed.
NOTES
[1] Section 9-4-114(c), W.S. 1977, 1981 Cum. Supp.:

"(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
"(i) Compel agency action unlawfully withheld or unreasonably delayed; and
"(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
"(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
"(B) Contrary to constitutional right, power, privilege or immunity;
"(C) In excess of statutory jurisdiction, authority or limitations, or lacking statutory right;
"(D) Without observance of procedure required by law; or
"(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute."
[2] 38 C.F.R. § 36.4336 (1980) in pertinent part:

"(a) Evidence of guaranty or insurance shall be issued in respect to a loan for any of the purposes specified in 38 U.S.C. 1810(a) only if:
"(1) The proceeds of such loan have been used to pay for the property purchased, constructed, repaired, altered, or improved; and
"(2) The loan does not exceed the reasonable value of the property as determined by the Administrator; and
"(3) The veteran has certified, in such form as the Administrator may prescribe, that the veteran has paid in cash from his or her own resources on account of such purchase, construction, alteration, repair, or improvement a sum equal to the difference, if any, between the purchase price or cost of the property and its reasonable value."