**UNION PACIFIC RESOURCES COMPANY, Appellant (Petitioner),**

v.

**STATE BOARD OF EQUALIZATION FOR the STATE OF WYOMING, Appellee (Respondent).**

**No. 93–265.**

Supreme Court of Wyoming.

May 18, 1995.

Dennis W. Lancaster of Phillips & Lancaster, P.C., Evanston, for appellant.

Joseph B. Meyer, Atty. Gen., Michael L. Hubbard, Deputy Atty. Gen., for appellee.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY and TAYLOR, JJ.

THOMAS, Justice.

Union Pacific Resources Company (UPRC) here charges the Wyoming State Board of Equalization (Board) with acting illegally in declining to exercise jurisdiction to decide UPRC's petition for a declaration concerning the point of valuation to determine taxable value for oil and gas production. After this court's decision in *Union Pacific Resources Co. v. State of Wyoming,* 839 P.2d 356 (Wyo. 1992), *(UPRC I)*, UPRC filed its petition seeking a determination of the point of valuation, which the Board dismissed. The Board ruled, in the absence of appropriate rules for proceedings in which declaratory relief was sought, it would decline jurisdiction even though Wyo.Stat. § 39–1–304(a)(iv) (Supp. 1992) might support its authority to grant such relief. The Board concluded it was not permitted by statute to undertake the appropriate rulemaking unless there was a petition filed by an interested party or by the Department of Revenue. When judicial review of the order of dismissal was pursued in the district court, that court affirmed the Board. We are satisfied the Board was not required to conduct a declaratory proceeding and issue an advisory ruling in this situation. The judgment of the district court is affirmed.

In its Brief of Appellant, UPRC frames these issues:

(1) The State Board of Equalization acted illegally by declining to exercise jurisdiction to decide appellant's petition, and acted contrary to the Board's own rules and regulations.

(2) The State Board of Equalization erred by concluding that it "lacked the rules in this area" to consider the appellant's petition and in dismissing it.

(3) The State Board of Equalization's conclusions are arbitrary, an abuse of discretion, and are not in accordance with Wyoming law, or this court's decision in *UPRC I.*

In the Brief of the State Board of Equalization, the articulated issues are:

Under Wyoming law is the Board of Equalization *required* to engage in advisory decision-making upon the request of the taxpayer, and thereby circumvent this court's holding that UPRC exhaust its administrative remedies?

Do the doctrines of res judicata and collateral estoppel apply in this case and bar relitigation of the same issue by UPRC?

Is this case rendered moot by the completion of the audits?

This case is an aftermath of *UPRC I,* in which UPRC sought a declaratory judgment with respect to the proper point of valuation for oil and gas production for purposes of tax assessment. We held UPRC had failed to exhaust its administrative remedies and, therefore, judicial relief was not available. Following precedent, we recognized primary jurisdiction with respect to tax assessment matters lies with the administrative agencies. Consequently, the effort to have an adjudication of the proper point of valuation in the courts prior to the completion of the administrative proceedings was futile.

Subsequent to that determination, UPRC filed a Petition for Declaration with the Board of Equalization asking it to determine that the point of valuation be at the wellhead. Nothing in the record indicates that, when the petition was filed, the undisputed facts recited in *UPRC I,* upon which the summary

---

* Retired July 6, 1994.

judgment and the appeal were decided, had changed. The Department of Audit still had not completed its audit, and the Department of Revenue had not made any changes to the tax assessments for 1987 and 1988, the years in question. In its brief, UPRC explained that, "[a]nticipating the auditors were going to include some post wellhead transportation and processing costs as a part of the taxable value, on May 29, 1990, Appellant affirmatively filed a [request for] refund with the Department of Revenue and Taxation for mineral production for the years 1987 and 1988 pursuant to W.S. § 39–6–304 and W.S. § 39–4–101." Later, in justifying its position, UPRC said: "In filing it's [sic] Petition, Appellant anticipated that if a point of value could be set by the State Board, the taxable value established in the audits would then be completed in compliance with the law."

The petition sought an order from the Board to require the Department of Audit and Department of Revenue to utilize the wellhead as the proper point of valuation. The Department of Revenue filed a motion to dismiss for lack of jurisdiction. Oral arguments were held on the motion, but no evidentiary hearing was held. The Board dismissed UPRC's petition with prejudice, and UPRC's Motion to Reconsider filed with the Board was denied.

UPRC then filed its Petition for Review in the Third Judicial District. After briefs were filed and a hearing was held, the court ruled "the decision of the Board of Equalization declining to exercise jurisdiction was neither arbitrary, capricious, an abuse of discretion, not in accordance with law, nor unsupported by substantial evidence." The district court affirmed the Board, but held the dismissal should be without prejudice. UPRC appeals from that order.

It seems UPRC concluded the thrust of *UPRC I* was to direct it to seek the declaratory relief before the Board, and such a course would demonstrate the exhaustion of its administrative remedies necessary to permit judicial review. We must correct that misperception. In *UPRC I*, we quoted from *Rocky Mountain Oil and Gas Ass'n v. State*, 645 P.2d 1163, 1168 (Wyo.1982), where the majority said:

However, there is a restriction on the availability of a declaratory judgment action with reference to its applicability to administrative matters. Where the action would result in a prejudging of issues that should be decided in the first instance by an administrative body, it should not lie. This is because, if it be otherwise, all decisions by the several agencies could be bypassed, and the district court would be administering the activities of the executive branch of the government. *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952); and *City of Cheyenne v. Sims*, Wyo., 521 P.2d 1347 (1974). * * *.

Accordingly, where the relief desired is in the nature of a substitution of judicial decision for that of the agency on issues pertaining to the administration of the subject matter for which the agency was created, the action should not be entertained.

We perceive no reason the same justification for the refusal of judicial relief should not apply to the Board in the context of our current structure for the assessment of taxes. In 1991, the legislature separated the Department of Revenue from the Board, creating two agencies: one for the valuation of property for tax assessments, and the other for reviewing the valuation in an administrative forum. The valuation function was assigned to the Department of Revenue and Taxation, while the Board "became an independent quasi-judicial organization with constitutional and statutory duties to equalize valuation and decide disagreements regarding statutory provisions affecting the assessment, levy and collection of taxes." *UPRC I*, 839 P.2d at 363.

In *UPRC I*, we cited to and quoted from *City of Cheyenne v. Sims*, 521 P.2d 1347, 1349–50 (Wyo.1974). We can apply what is said in *Sims*:

In absence of the original power of the [Board] to assess property or levy taxes—the original responsibility lying with the [Department of Revenue]—the doctrine of exhaustion of remedies as contrasted to the primary jurisdiction doctrine is applicable because when the sole original deter-

ive8

**467**

mination lies with another body than the [Board] it is proper to apply such doctrine.

\* \* \* \* \* \*

Declaratory judgment should not be used to usurp or replace specific administrative relief, particularly when the initial decision is committed to [another] administrative body. No reason has been pointed out to this court by the [UPRC] why justice requires the exercise of declaratory judgment power [by the Board] in this case. (Footnotes omitted.)

The very reasons articulated in *UPRC I* for withholding declaratory relief by the judiciary are fully applicable to the withholding of any declaratory relief by the Board. It would be infringing upon the administrative function specifically assigned to the Department of Revenue if it offered the relief claimed by UPRC.

■ UPRC urges this case falls within Wyo.Stat. § 16–3–114(c)(ii)(A) (1990), in that the decision of the Board is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Our rule is simple. If the Board's conclusion of law accords with law, it is to be affirmed and, if not, it is to be corrected. *Enron Oil and Gas Co. v. Freu-denthal*, 861 P.2d 1090 (Wyo.1993), and cases cited there. We are satisfied the conclusion of law invoked by the Board is correct and in accordance with law.

We perhaps go further than the Board with respect to its tentative conclusion of its authority to afford a declaratory adjudication. UPRC presses the proposition that, pursuant to Wyo.Stat. § 39–1–304(a) (1990), particularly subparagraphs (i), (iv), (ix), (xiii), (xviii)[sic],[1] the Board not only has the authority, but is required, to afford the declaratory adjudication. None of the statutory provisions pressed by UPRC say that precisely.

■ Historically, a declaratory judgment was not a remedy available under common law, either at law or in equity. *See* cases cited in 26 C.J.S. *Declaratory Judgments* § 2 (1956). The remedy is statutory in nature and, appropriately, is confined by the legislative promulgation of the remedy, which is found in Wyoming in the adoption of the Uniform Declaratory Judgments Act, Wyo. Stat. §§ 1–37–101 to –115 (1988). In the absence of this statute, the power of a court to award declaratory relief would be suspect.

---

1. The pertinent provisions of Wyo.Stat. § 39–1–304 (1990) read:

(a) The state board of equalization shall perform the duties specified in article 15, section 10 of the Wyoming constitution and shall hear appeals from county boards of equalization, review state excise taxes and review their own assessments of property and tax determinations. In addition, the board shall:

(i) Manage its internal affairs and prescribe rules of practice and procedure;

\* \* \* \* \* \*

(iv) Decide all questions that may arise with reference to the construction of any statute affecting the assessment, levy and collection of taxes, in accordance with the advice and opinion of the attorney general, whose opinion and the rules, regulations, orders and instructions prescribed by the board are binding until reversed, annulled or modified by a court of competent jurisdiction;

\* \* \* \* \* \*

(ix) Hold hearings after due notice in the manner and form provided in the Wyoming Administrative Procedure Act and its own rules and regulations of practice and procedure;

\* \* \* \* \* \*

(xiii) Prescribe the system of establishing the fair market value of all property valued for property taxation to ensure that all property within a class is uniformly valued. The county assessor and the facilities of his office, together with the deputy assessors and clerical assistants in each county, at the direction of the board, shall give full aid in the installation of the prescribed system in the county. The county shall also furnish the necessary supplies and records for installing the system;

\* \* \* \* \* \*

(xvii) Direct proceedings, actions and prosecutions to be instituted to enforce the laws relating to the liability and punishment of persons for failure or neglect to comply with the provisions of the laws of this state governing the return, assessment and taxation of property, and cause complaints to be made against county assessors, members of county boards of equalization, or any other assessing or taxing officers, to the proper authority, for their removal from office for misconduct or neglect of duty; \* \* \*.

In 1991, the statute was amended, but subsection (xvii), which is quoted in the brief of UPRC as subsection (xviii) has remained substantially the same since its adoption in 1982. 1982 Wyo. Sess.Laws, ch. 57, § 1. We are satisfied that the brief has a typographical error.

None of the provisions relied upon by UPRC includes a specific grant to the Board to afford declaratory relief. The adoption of the Uniform Declaratory Judgments Act demonstrates the legislature knew how to structure such a remedy in a judicial context and, had it intended to do so, it would have so structured it in the administrative context by specifically incorporating that power in WYO.STAT. § 39–1–304 (1994), the statutory provision establishing the powers of the Board. Even subparagraph (a)(iv) of WYO. STAT. § 39–1–304, when read in context, simply affords authority to the Board to decide "questions that may arise with reference to the construction of any statute" in proceedings otherwise properly before the Board in its hearing capacity.

There was no unlawful, arbitrary, or capricious action on the part of the Board in this case and, had it responded to UPRC's invitation, it would have then invaded the powers statutorily assigned to the Department of Revenue. We affirm the order of the district court affirming the Board's dismissal of UPRC's Petition for Declaration, not only because the decision was correct but, in addition, because we find no creation of any power in the Board to afford declaratory relief. While we affirm the order of the district court, it should have let stand the dismissal with prejudice by the Board.

We affirm the judgment of the district court, but remand the case so the district court may enter an order affirming the order of the Board without modification.

MACY, Justice, dissenting.

I dissent from the majority's decision in this case because I am of the opinion that the Board was derelict in its duties when it declined to exercise jurisdiction over Union Pacific's petition. I would reverse and remand the case to the Board for a decision on the merits.

The plain language of WYO.STAT. § 39–1–304(a)(iv) (1994) establishes that the Board has the responsibility to interpret the applicable statutes to determine the proper point of valuation. Section 39–1–304(a)(iv) directs the Board to "[d]ecide all questions that may arise with reference to the construction of any statute affecting assessment, levy and collection of taxes." In order to answer the question posited in Union Pacific's petition, the Board had to interpret WYO.STAT. § 39–2–202 (1994) to determine the proper point of valuation.

The Board recognized that "W.S. 39–1–304(a)(iv) may [have been] a sufficiently broad grant of authority to support [Union Pacific's] argument on Board jurisdiction." However, the Board declined to exercise jurisdiction over the petition. The Board could not simply refuse to perform one of its statutory directives. Like all administrative agencies are, the Board was bound to follow the applicable statutes. See Fullmer v. Wyoming Employment Security Commission, 858 P.2d 1122, 1124 (Wyo.1993).

I am not persuaded by the Board's argument that it did not have appropriate rules in place with which to decide Union Pacific's petition. The Board's rules of procedure are sufficiently broad to cover this situation. Further, the "[s]tatutory designation of an administrative agency function encompasses a reasonable delegation of process determination required or adopted for performance." Cody Gas Company v. Public Service Commission of Wyoming, 748 P.2d 1144, 1147–48 (Wyo.1988). When the Legislature directed the Board to decide questions which involve the interpretation of relevant statutes, it necessarily delegated sufficient procedural powers for the Board to fulfill that mandate.

I would hold that the Board's decision to decline to exercise jurisdiction over Union Pacific's petition was arbitrary, capricious, and otherwise not in accordance with the law. WYO.STAT. § 16–3–114(c)(ii)(A) (1990).