16285

WILLIAMS FURNITURE CORPORATION v. SOUTHERN COAT-
INGS & CHEMICAL CO. *ET AL.*

(56 S. E. (2d) 576)

2

*Messrs. Nash & Wilson,* of Sumter, *for Appellant,* 

*Messrs. McDonald & McGowan,* of Florence, *for Respondents,*

November 21, 1949.

OXNER, JUSTICE.

This is an appeal from an order sustaining a demurrer and dismissing an action instituted by the Williams Furniture Corporation, a South Carolina corporation with its principal place of business at Sumter, to obtain a declaratory judgment to the effect that it is not liable for the payment of workmen's compensation to the employees of the Southern Coatings and Chemical Company, a South Carolina corporation principally engaged in the logging and lumber business and operating in a number of counties in this State, and to enjoin the South Carolina Industrial Com-

mission from hearing and determining any claims for compensation made by such employees against the plaintiff.

The action is brought under the provisions of the Uniform Declaratory Judgments Act, 45 St. at Large, p. 2014, which was adopted in this State in 1948. Named as defendants are the Southern Coatings and Chemical Company, the members of the South Carolina Industrial Commission, and certain individuals who have filed claims for workmen's compensation against both of the corporations mentioned. After stating in the complaint that plaintiff is a self-insurer under the Workmen's Compensation Act of this State and that the defendant Southern Coatings and Chemical Comany is exempt from its provisions, it is alleged:

That in the past, injured employees of the Southern Coatings and Chemical Company have filed claim under the Workmen's Compensation Act with the said Industrial Commission and have joined plaintiff herein as one of their employers, and in some such proceedings the South Carolina Industrial Commission has held plaintiff liable as employer.

"That the defendant Ollie James is a caimant in pending proceeding before the Industrial Commission of South Carolina, in which he alleges that he was injured while employed by the Southern Coatings and Chemical Company and by the plaintiff; that Eva Wilson is the widow of Chesley Wilson and is a claimant in pending proceeding before the said Commission in which she alleges that the said Chesley Wilson was injured while in the employ of the Southern Coatings and Chemical Company and of the plaintiff. That Gracie Miller and Pearl Miller are claimants before said Commission against defendant Southern Coatings and Chemical Company, in which each alleges that she is the widow of one Albert Miller, deceased, who was killed as a result of an accident while employed by a sub-contractor of defendant Southern Coatings and Chemical Company and of plaintiff; that the defendant W. D. Cribb is the plaintiff in an action in the Court of Common Pleas of Berkeley County in which

Southern Coatings and Chemical Company is a defendant
and in which action the plaintiff alleges that he was injured
while in the employ of said defendant, which action is be-
ing brought on alleged common law liability of said Sou-
thern Coatings and Chemical Company, and plaintiff is not
made a party to said cause.

"That as a result of said proceedings and others of simi-
lar nature which have heretofore been prosecuted, plaintiff's
officers have been put to great loss of time and plaintiff has
been harassed, annoyed and been put to great expense by
having to appear before said Industrial Commission to fur-
nish evidence in proceedings against it by parties who are
not employees of the plaintiff; and that plaintiff will con-
tinue to be annoyed and harassed and put to great expense
by the continuance of such actions.

\* \* \*

"That plaintiff alleges that the employees of the defend-
ant Southern Coatings and Chemical Company are not em-
ployees of this plaintiff. That the rights of plaintiff and
its legal relations with employees of Southern Coatings and
Chemical Company under the provisions of the Workmen's
Compensation Act, Chapter 144, Article 4, Sections 7035-1
to 7035-79 inclusive, Code of Laws of 1942, as amended,
are affected by the construction placed on said Act by the
members of the South Carolina Industrial Commission de-
fendants herein, and by their co-defendants.

"That under declaratory judgment in this cause, the un-
certainty of plaintiff's legal status under said Act will be
removed, and a judgment thereabout will terminate such
controversy.

"That this action is brought by plaintiff for the purpose
of removing uncertainty, and terminating this controversy
as to whether plaintiff being within the terms of said work-
men's Compensation Act, is by reason thereof liable there-
under for the injuries to the employee of the defendant
Southern Coatings and Chemical Company, a separate and

6

distinct corporation under the laws of South Carolina, which said defendant is specifically exempted from the terms of said Act, and for a declaratory judgment of this Court thereabout."

The prayer of the complaint is as follows:

"That the Court do hold, declare and adjudge that this plaintiff is not liable for injuries to employees of the defendant Southern Coatings and Chemical Company, under the Workmen's Compensation Act.

"That defendants constituting the South Carolina Industrial Commission be enjoined from receiving, accepting, hearing and determining the claims of employees of Southern Coatings and Chemical Company as the liability of this plaintiff.

"That the other defendants be ordered, decreed and adjudged to have no claim against the plaintiff.

"For such further relief as may be just and proper."

The demurrer involved on this appeal was interposed by defendants Ollie James and Eva Wilson who have claims for compensation against plaintiff pending before the Industrial Commission. In this demurrer the right of the plaintiff to maintain this action is challenged upon numerous grounds, some of which we find it unnecessary to consider.

"The statute providing for declaratory judgments meets a real need and should be liberally construed to accomplish the purpose intended, i. e., to afford a speedy and inexpensive method of adjudicating legal disputes without invoking any coercive remedies of the old procedure, and to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships. Whether the remedy shall be accorded one who petitions for it is a matter resting in the sound discretion of the trial court, to be reasonably **exercised** in furtherance of the purposes of the statute."

*Aetna Casualty & Surety Co. v. Quarles,* 4 Cir., 92 F. (2d) 321, 325. "But it is a judicia discretion, subject to review, and must be exercised in accordance with legal principles." *Franklin Life Insurance Co. v. Johnson et al.,* 10 Cir., 157 F. (2d) 653, 656.

Section 6 of the Act is as follows: "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." Declaratory relief should not be accorded "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy." *Aetna Casualty & Surety Co. v. Quarles, supra.* Nor should such relief be granted when the remedy is invoked merely to try issues or determine the validity of defenses in pending cases. *Maryland Casualty Co. v. Boyle Construction Co., Inc., et al.,* 4 Cir., 123 F. (2d) 558. While declaratory relief will not be refused, if otherwise appropriate, merely because there is another remedy available or because of the pendency of another suit, *Employers' Liability Assurance Corporation v. Ryan et al.,* 6 Cir., 109 F. (2d) 690, these are factors which may be considered by the Court in determining whether its discretion should be exercised in favor of assuming jurisdiction. *Southern Railway Co. v. Order of Railway Conductors of America,* 210 S. C. 121, 41 S. E. (2d) 774. "The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum." *Maryland Casualty Co. v. Boyle Construction Co., supra* [123 F. (2d) 564.]

It is equally well settled that ordinarily the Court will refuse a declaration "where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances." *Aetna Casualty & Surety Co. v. Quarles, supra.* Gratuitous interference with the orderly processes of special statu-

tory tribunals should be avoided. In *Prudential Insurance Co. of America v. Powell et al.,* 217 N. C. 495, 8 S. E. (2d) 619, the plaintiff brought an action against the North Carolina Unemployment Compensation Commission for a declaratory judgment with respect to liability for contribution under the North Carolina unemployment compensation law. It was sought to determine whether certain persons rendering services to the plaintiff under contract were employees within the meaning of the Act and whether compensation paid to them should be taken into consideration in estimating the amount of the contribution or tax due by the plaintiff. The Court below sustained a demurrer and entered judgment dismissing the action. The North Carolina Supreme Court affirmed the order upon several grounds, one of which was that the legislature had conferred upon the Commission the power to determine the rights, status and liabilities of an employer under the terms of the Act and that the Commission was the proper forum for determining the question which the plaintiff presented.

> Ordinarily the courts should refuse to make a declaration of rights with respect to whether or not an injured employee is entitled to workmen's compensation since the boards established for that purpose have exclusive jurisdiction. Anderson, Declaratory Judgments, Section 49, page 144; *Moore v. Louisville Hydro-Electric Co.,* 226 Kv. 20, 10 S. W. (2d) 466; *U. S. Fidelity & Guaranty Co. v. Thirion et al.,* 123 N. J. L. 29, 7 A. (2d) 863, 864. In the case last mentioned, the Court said: "We think that the legislature did not intend, by the Declaratory Judgments Act, to substitute an appellate court for a tribunal of original jurisdiction in issues that are ripe for litigation by the usual processes. A contrary view would, we apprehend, lead to great confusion in the practice." We are not to be understood as holding that under no circumstances may resort be had to the courts for a declaration of rights in workmen's compensation matters. It is sufficient

for the purpose of this case to say that ordinarily, particularly where questions of fact are involved, the courts should refrain from invading the jurisdiction of the Industrial Commission.

In the light of the foregoing principles, we think that the Court below was correct in sustaining the demurrer and dismissing the action. The allegations of the complaint afford no sound basis for granting a declaratory judgment. No good reason is shown why the claims now pending before the Industrial Commission should not be heard and disposed of in the manner prescribed by the Workmen's Compensation Act. The complaint does not disclose upon what theory the Industrial Commission in certain cases has held plaintiff liable for compensation to the injured employees of the Southern Coatings and Chemical Company. If there was no legal justification for these awards, the error could have been finally corrected by appeal in the manner prescribed by statute. It does not appear that the claims made against plaintiff are all dependent upon the same facts or issues which, if adjudicated, would finally and completely determine the liability of the plaintiff to all employees of the Southern Coatings and Chemical Company. Even if the factual issues are the same, no unusual circumstances are shown why they should not be determined by the Intustrial Commission.

Counsel for plaintiff state in their brief that the only issue between the parties is "whether or not the employees of the Southern Coatings and Chemical Company are the employees of Williams Furniture Corporation". The decision of this issue would not necessarily settle the question of the right to compensation. *Kennerly et al. v. Ocmulgee Lumber Co.,* 206 S. C. 481, 34 S. E. (2d) 792; *Hopkins v. Darlington Veneer Co. et al.,* 208 S. C. 307, 38 S. E. (2d) 4. Compare *McDowell et al. v. Stilley Plywood Co. et al.,* 210 S. C. 173, 41 S. E. (2d) 872; *Miles v. West Virginia Pulp and Paper Co.,* 212 S. C. 424, 48 S. E. (2d)

26. Ordinarily "no award under the Act is authorized unless the employer-employee relationship existed at the time of the alleged injury for which claim is made." *Alewine et al. v. Tobin Quarries, Inc., et al.,* 206 S. C. 103, 33 S. E. (2d) 81, 83. Under certain circumstances, however, it is not necessary for the conventional relationship of master and servant to exist. For instance, Section 19 of the original Act, now Section 7035-22 of the Code, "imposes liability upon parties who are not in privity of contract and causes one of them, sometimes referred to as the statutory employer, to be liable for accidents for which he may in no way be responsible." *Younginer v. J. A. Jones Construction Co. et al.,* S. C., 54 S. E. (2d) 545, 548.

Not only has plaintiff failed to show any good reason for by-passing the Industrial Commission but it is not shown that a declaration here will stabilize the disputed legal relations described in the complaint or fix and settle the rights of the parties. We think the discretion of the Court below was wisely exercised in holding that the complaint was not sufficient to warrant declaratory relief.

Judgment affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.