0650

Howard WESSINGER, Alma S. Wessinger, Phyllis Swain and Emil H. Koon, Appellants v. Lucille RAUCH, now Lucille R. Rickard, Respondent.

(341 S. E. (2d) 643)

Court of Appeals

*Robert L. Hallman,* Columbia, *for appellants.*

*John E. Cheatham,* Lexington, *for respondent.*

Heard Jan. 20, 1986.

Decided March 12, 1986.

SANDERS, Chief Judge:

This is an appeal from an order of the Circuit Court dismissing a declaratory judgment action brought by appellants Howard Wessinger, Alma S. Wessinger, Phyllis Swain and Emil H. Koon against Lucille Rauch, now Lucille R. Rickard. We affirm.

In 1979, Rickard brought an action against the Wessingers, Swain and Koon seeking an order establishing her title to certain real property. The jury returned a verdict against Rickard.

In 1982, Rickard brought a second action against the same parties, seeking the same relief based on essentially the

same allegations. As the basis for her right to bring her second action in spite of having lost her first, she relied on Section 15-67-20, Code of Laws of South Carolina, 1976. This section provides: "The plaintiff in all actions for recovery of real property or the recovery of the possession thereof is hereby limited to two actions for such recovery and no more."

The Wessingers, Swain and Koon moved for summary judgment on several grounds, including the ground that Section 15-67-20 is unconstitutional. The Honorable John Grimball issued his order for the Circuit Court denying their motion and allowing Rickard to relitigate the question of her title to the property. The Wessingers, Swain and Koon did not attempt any appeal of this order. Instead, they brought an action against Rickard seeking a declaratory judgment on the constitutionality of Section 15-67-20 and the constitutionality of this section being placed in the same chapter of the Code as Section 15-67-10.

The Honorable Walter J. Bristow issued his order for the Circuit Court dismissing the action for declaratory judgment on the ground that it was barred by the doctrine of res judicata because the issue presented was the same issue as had been adjudicated by the order of Judge Grimball denying summary judgment in the pending action between the same parties. The Wessingers, Swain and Koon appeal from Judge Bristow's order.

The doctrine of res judicata operates to preclude relitigation of claims which were subject to judgment in a prior action where: (1) there is an identity of the parties or their privies, (2) there is an identity of the subject matter of the litigation, and (3) there was a final determination on the merits of the claim in the prior action. *H. G. Hall Construction Co. v. J. E. P. Enterprises*, 228 S. C. 196, 321 S. E. (2d) 267 (Ct. App. 1984).

The doctrine of res judicata is not applicable here because the order of Judge Grimball denying summary judgment in the prior action was not a final determination. *See Associates Financial Services v. Gordon's Auto Sales*, 283 S. C. 53, 320 S. E. (2d) 501 (Ct. App. 1984) (an order denying a motion for summary judgment is an interlocutory order).

Nevertheless, we affirm the order of Judge Bristow on a

similar ground. *See* Rule 4, Section 8, Rules of Practice in the Supreme Court of South Carolina (an order may be sustained on any grounds appearing in the record).

A declaratory judgment action is not a substitute for a new trial or an appeal, nor can it operate to supersede former adjudications or proceedings already pending. *Moore v. Black,* 220 Neb. 122, 368 N. W. (2d) 488 (1985).

As a general rule, courts will not entertain an action for declaratory judgment if there is pending, at the time the action is commenced, another action between the same parties in which the same issues presented in the action for declaratory judgment can be adjudicated. *State ex rel. Edmisten v. Tucker,* 312 N. C. 326, 323 S. E. (2d) 294 (1984). *Cf. Williams Furniture Corp. v. Southern Coating & Chemical Co.,* 216 S. C. 1, 56 S. E. (2d) 576 (1949) (court may refuse to render declaratory judgment where the remedy is invoked to try issues or determine the validity of defenses in pending cases).

The reason for this rule is obvious. A subsequent case deciding an issue in a prior case would be a classic example of a tail wagging a dog.

The action by Rickard was pending at the time the Wessingers, Swain and Koon commenced their action for declaratory judgment. The issues presented by the action for declaratory judgment can be adjudicated in the pending action by Rickard.

We hold the action for declaratory judgment should have been dismissed for these reasons.

Accordingly, the order of the Circuit Court is

Affirmed.

GARDNER and BELL, J.J. concur.