1042

MEDICAL UNIVERSITY OF SOUTH CAROLINA, a body Politic and Corporate, Respondent v. Carroll A. TAYLOR and the State Employee Grievance Committee, and Agency of The State of South Carolina, Appellants.

(362 S. E. (2d) 881)

Court of Appeals

*Francis T. Draine, Atty. Gen., T. Travis Medlock,* and *Asst. Attys. Gen. Williams Edgar Salter, III,* and *Samuel L. Wilkins,* Columbia, *for appellants.*

*Richard S. Rosen,* of *Rosen, Rosen & Hagood,* Charleston, *for respondent.*

Heard Oct. 14, 1987.

Decided Nov. 9, 1987.

GOOLSBY, Judge:

In this action for declaratory judgment and injunctive relief, Carroll A. Taylor and the State Employee Grievance Committee appeal from an order of the circuit court holding that Taylor is collaterally estopped from relitigating before the Grievance Committee the issue regarding "the cause for his discharge from employment" by the respondent Medical University of South Carolina ("MUSC") and enjoining the Grievance Committee from entertaining Taylor's request for a hearing on his appeal from MUSC's decision refusing to accord him a hearing on his grievance. We reverse.

The dispositive issue involves the question of whether the circuit court erred in granting MUSC a declaratory judgment and injunctive relief where there were pending administrative proceedings to which Taylor and MUSC were parties and in which the same identical issues involved in the instant action could have been adjudicated.

Taylor served as the Director of Human Resources at MUSC. He was employed by MUSC for seventeen years. He resigned his position on February 8, 1985, effective June 30, 1985, after being accused by a female employee of sexual harassment. Taylor attempted to rescind his resignation on April 9, 1985, claiming that his resignation was "submitted under coercion and extreme duress and also at a time when [he] was not mentally or emotionally capable of making a career decision." MUSC, however, refused to allow Taylor to rescind his resignation.

On May 4, 1985, Taylor filed a grievance with MUSC's Vice President for Administration. Expressly acting pursuant to the State Employee Grievance Procedure Act found in Sections 8-17-310 through 8-17-380 of the South Carolina Code of Laws (1976), Taylor sought reinstatement to his position as Director. He claimed that his resignation had been "forced."

MUSC, however, refused to grant Taylor a grievance hearing. Its attorney informed Taylor on May 14, 1985, that "resignations are not proper subjects of grievances under the policies of [MUSC] or the State Grievance Procedure" and that, moreover, MUSC had already accepted his resignation.

On May 31, 1985, Taylor appealed to the Grievance Committee from MUSC's decision not to grant him a grievance hearing.

He also applied to the South Carolina Employment Security Commission for unemployment insurance benefits. After an appeal by MUSC from the claims adjudicator's initial decision finding Taylor eligible to receive unemployment compensation without disqualification, an appeal tribunal found that Taylor "[had] been discharged for cause connected with work within the meaning of the Law" and disqualified him from receiving benefits for twenty-six weeks. Taylor appealed from the appeal tribunal's decision to the Employment Security Commission. The latter dismissed Taylor's appeal on November 27, 1985, after he notified it that he no longer wished to pursue his appeal.

Meanwhile, on October 7, 1985, the Grievance Committee notifed MUSC that on November 14, 1985, it would hear Taylor's appeal.

MUSC then brought the instant action and obtained an order from the circuit court temporarily enjoining the Grievance Committee from hearing Taylor's appeal. Among other things, MUSC's complaint alleged that the decision of the Employment Security Commission collaterally estopped Taylor from proceeding with his appeal before the Grievance Committee.

On May 8, 1986, the circuit court issued its order granting MUSC a declaratory judgment and permanently enjoining the Grievance Committee from conducting any hearing on Taylor's appeal. The circuit court deemed Taylor collaterally estopped from relitigating before the Grievance Committee the issue of whether MUSC discharged him for cause since, as the circuit court viewed the matter, the same issue had been determined adversely to Taylor by the Employment Security Commission. In obedience to the injunction, the Grievance Committee cancelled the hearing it had scheduled on Taylor's appeal.

Basically, Taylor and the Grievance Committee argue that the circuit court erred in granting MUSC a declaratory judgment and injunctive relief because the issue regarding collateral estoppel raised by MUSC in the action here could have been determined in the pending employee grievance proceedings.

Rule 57 of the South Carolina Rules of Civil Procedure, like its federal counterpart, governs declaratory judgment actions. F.R.CIV.P. 57. The rule expressly provides that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." *Cf. Williams Furniture Corporation v. Southern Coatings & Chemical Co.*, 216 S. C. 1, 7, 56 S. E. (2d) 576, 578 (1949) (wherein the court noted that "declaratory relief will not be refused, if otherwise appropriate, merely because there is another remedy available. . . ."). "Thus the courts have the *power* to grant declaratory relief despite the existence of another adequate remedy, but this does not mean that courts are *required* to grant relief in all such cases." 6A J. MOORE, J. LUCAS & G. GROTHEER, MOORE'S FEDERAL PRACTICE Para. 57.07 at 57-27—57-28 (2d ed. 1986) [Emphasis theirs]. The question, therefore, of whether to grant or deny a declaratory

judgment is, as it was before the adoption of the new rules of civil procedure, a matter that rests within the sound discretion of the circuit court. *Williams Furniture Corporation v. Southern Coatings & Chemical Co., supra;* S.C.R.CIV.P. 57; *see* 6A J. MOORE, J. LUCAS & G. GROTHEER, *supra* Para. 57.08[1] at 57-28—57-34 (the granting of declaratory relief is a matter resting in the court's discretion under the Federal Declaratory Judgments Act and Rule 57 of the Federal Rules of Civil Procedure). Although the circuit court's exercise of discretion in this regard is subject to appellate review, its decision will not be disturbed on appeal, absent a clear showing of an abuse of discretion. 22 Am. Jur. (2d) *Declaratory Judgments* § 9 at 845 (1965); 26 C.J.S. *Declaratory Judgments* § 164 at 387 (1956); *see, e.g., Hanes Corporation v. Millard,* 531 F. (2d) 585, 591 (D.C.Cir.1976) (interpreting the federal rule).

The granting or denying of injunctive relief is also addressed to the circuit court's sound discretion. *Metts v. Wenberg,* 158 S. C. 411, 155 S. E. 734 (1930). In such cases, the circuit court's exercise of discretion will not be disturbed unless clearly against the weight of the evidence or controlled by an error of law. 5A C.J.S. *Appeal & Error* § 1591 at 66-67 (1958).

The general rule followed by most jurisdictions is that a court will not entertain a declaratory judgment action "if there is pending, at the time of the commencement of the declaratory action, another action or proceeding to which the same persons are parties [and] in which are involved and may be adjudicated the same identical issues that are involved in the declaratory judgment action." Annot., 135 A.L.R. 934-35 (1941); *Wessinger v. Rauch,* 288 S. C. 157, 341 S. E. (2d) 643 (Ct.App.1986). The general rule is especially applicable " 'where a special statutory remedy has been provided, or where another remedy will be more ... appropriate under the circumstances.' " *Williams Furniture Corporation v. Southern Coatings & Chemical Co.,* 216 S. C. at 7, 56 S. E. (2d) at 578-79.

As a general rule also, "where an administrative agency is vested with primary jurisdiction of the question in issue, the courts ordinarily will not grant injunctive relief prior to a decision by the agency [and] the availability of an adequate

administrative remedy precludes the granting of injunctive relief." 73 C.J.S. *Public Administrative Law and Procedure* § 45 at 481 (1983).

Here, as we noted above, proceedings under the State Employee Grievance Procedure Act were pending at the time MUSC brought this action. Taylor and MUSC were both parties to those proceedings and absolutely nothing in the State Employee Grievance Procedure Act prohibited MUSC from raising and adjudicating the issue of collateral estoppel in them.

In *Williams Furniture*, the Supreme Court regarded the remedy provided injured workers under workers' compensation statutes as special and held in that case that "[o]rdinarily, the courts should refuse to make a declaration of rights with respect to whether or not an injured employee is entitled to workmen's compensation. . . ." *Id.* at 8, 56 S. E. (2d) at 579.

We see no relevant distinction between the case here and *Williams Furniture.*

The remedy provided injured state employees under the State Employee Grievance Procedure Act, like the remedy provided injured workers under workers' compensation statutes, is also special. The State Employee Grievance Procedure Act itself manifests this conclusion in that the stated purpose of the act is to protect "the interest of both the employee and the agency via a fair administrative review" and in that the act gives to the Grievance Committee alone the power to "sustain, reject, or modify a grievance hearing decision of an agency," such as MUSC. S. C. Code of Laws §§ 8-17-310 and 8-17-340 (1976). The circuit court may become involved only when and if there is an appeal from the final decision of the Grievance Committee by either the employee or the agency. *Id.*

Ordinarily, then, as in the case of an injured worker under workers' compensation statutes, the courts in a matter involving a state employee with a grievance cognizable under the State Employee Grievance Procedure Act should refuse to make a declaration of rights with respect to whether the employee is entitled to relief and they should require an exhaustion of the administrative remedy provided by the State Employee Grievance Procedure Act. *Cf. Foreman v.*

*Smith,* 272 Ala. 624, 133 So. (2d) 497 (1961) (the pendency of a discharged employee's suit for breach of an employment contract precluded the employer from seeking a declaratory judgment as to the rightfulness of the employee's discharge). To hold otherwise would permit the legislative intent made evident by the enactment of the act to be frustrated and would "interject an unnecessary and potentially confusing element into an otherwise well-defined area of the law." *Connecticut Life and Health Insurance Guaranty Association v. Jackson,* 173 Conn. 352, 359, 377 A. (2d) 1099, 1103 (1977); *cf. Doster v. Estes,* 126 Mich. App. 497, 337 N. W. (2d) 549 (1983) (plaintiff state employees were required to exhaust civil service grievance process before seeking a declaratory judgment regarding the abolition of certain job classifications); *Maine State Employees Association v. Williams,* 373 A. (2d) 258 (Me. 1977) (plaintiff state employees who sought a declaratory judgment to determine their rights to refuse to use their privately-owned vehicles must first exhaust administrative remedies by presenting their dispute to State Employees Appeals Board); *City of Cheyenne v. Sims,* 521 P. (2d) 1347 (Wyo. 1974) (a declaratory judgment action should not be used to usurp or replace specific administrative relief, particularly when the initial decision is committed to an administrative body).

We therefore hold that the circuit court erred in granting MUSC a declaratory judgment and injunctive relief where there were pending before the Grievance Committee, the administrative agency vested with primary jurisdiction of the question in issue, *i.e.,* the cause of Taylor's discharge, proceedings in which both Taylor and MUSC were parties and in which the issue raised by MUSC in the within action could have been raised. MUSC advanced no good reason, certainly none raising any jurisdictional issue, as to why Taylor's grievance should not have been determined in the manner prescribed by the State Employee Grievance Procedure Act. *See Ex Parte Allstate Insurance Company,* 248 S. C. 550, 151 S. E. (2d) 849 (1966) (exhaustion of administrative remedies is not required and injunctive relief is proper where jurisdictional issues involved).

We do not address MUSC's additional sustaining grounds regarding whether Taylor resigned from his employment,

whether a resignation is a proper subject of consideration by the State Employee Grievance Committee, and whether principles of *res judicata* prevent Taylor from litigating his grievance before the State Employee Grievance Committee. They too present issues that ought to be raised in the first instance in the administrative proceedings.

Reversed.

SANDERS, C. J., and GARDNER, J., concur.