2330

FOOD MART, Appellant v. SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, Respondent.

(458 S.E. (2d) 47)

Court of Appeals

*Bobby J. Pippin,* Columbia, *pro se.*

*Samuel L. Finklea, III* and *Walton J. McLeod, III, Gen. Counsel,* both of *S.C. Dept. of Health and Environmental Control,* Columbia, *for respondent.*

Heard Mar. 7, 1995.

Decided Apr. 3, 1995.

Goolsby Judge:

This is an action in which Food Mart seeks a declaration that the South Carolina Department of Health and Environmental Control (DHEC) violated S.C. Const. art. I, § 22 (1895)[1] when DHEC downgraded Food Mart's limited food

---

[1] This section provides "[n]o person shall be finally bound by a judicial or quasi-judicial decision of an administrative agency affecting private rights except on due notice and an opportunity to be heard: . . . ."

service permit form "A" to "B" without prior adjudicatory hearing. The circuit court denied Food Mart's request for relief. Food Mart appeals. We dismiss.[2]

On November 23, 1992, DHEC conducted a routine food service inspection of Food Mart and noted certain violations. DHEC made a follow-up inspection on December 7, 1992, and downgraded Food Mart's food service permit from "A" to "B" because of repeated violations. Food Mart advised DHEC on December 15, 1992, it had ceased food service operations and requested a hearing from DHEC. DHEC denied the request because the applicable regulation provided for a hearing only when a permit is either suspended or revoked and Food Mart's permit was only downgraded. DHEC noted Food Mart could request an inspection for purposes of regarding the establishment if the deficiencies had been corrected. Instead, Food Mart discontinued its food service operations and brought this action. Food Mart claimed DHEC's actions violated S.C. Const. art. I, § 22 because it did not receive an adjudicatory hearing before the permit downgrade.

Pursuant to S.C. Code Ann. § 44-1-140(2) (1976), DHEC may adopt and enforce reasonable rules and regulations providing for the sanitation of all places or establishments "providing eating or drinking facilities." DHEC adopted such a regulation. 24A S.C. Code Ann. Regs. 61-25 (1992). This regulation authorizes DHEC either to suspend or to revoke an operator's food service permit for, among other things, "repeated violation." *Id.* at Chapter XI, ¶¶1, 3 and 4. It also gives a permit holder a right to a hearing if DHEC either suspends or revokes the permit. *Id.* A suspension or revocation of a food service permit requires a cessation of food service operations. *Id.* A permit, however, may be downgraded to the next lower grade if "a consecutive violation of the same item is discovered" upon inspection. *Id.* at ¶11. Additionally, "[t]he permit holder or operator of any establishment, the grade of which has been lowered, may at any time request an inspection for the purpose of regarding the establishment" by including along with the request for inspection "a signed statement that the conditions responsible for the lowering of the

---

[2] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

grade have, it the applicant's opinion, been corrected." *Id.* at Chapter XI, ¶11. When a permit is downgraded, as opposed to being suspended or revoked, food service operations are not required to cease.

Because Food Mart voluntarily discontinued its food ■ service operations, we regard any issue concerning its food service permit as moot. *See* 2 Am. Jur. (2d) *Administrative Law* §519, at 505 (1994) ("The term [moot] is used to indicate that the situation presented to the court does not constitute a justiciable controversy although no change in facts or circumstances has supervened since the institution of the proceeding."); 73A C.J.S. *Public Administration Law and Procedure* § 207, at 247 (1983) ("A court ordinarily will refuse to review a decision of an administrative body where the application for review shows that the question presented is abstract or moot or where it has become moot under the circumstances of the case.").

Moreover, Food Mart failed to exhaust remedies avail- ■ able to it under the regulation in issue. Food Mart could have attempted, pursuant to 24A S.C. Code Ann. Regs. 61-25 ¶11 (1992), to correct the conditions responsible for the lowering of the grade and requested to reinspection. A reinspection could have resulted in Food Mart's grade remaining the same, in which case, it could again have attempted corrective action and requested yet another inspection; in Food Mart's grade being upgraded, in which case no hearing would have been required; or in its permit being either suspended or revoked for "repeated violations," in which case Food Mart could have requested and received a hearing. 24A S.C. Code Ann. Regs. 61-25 ¶¶3, 4 and 11 (1992). *See MUSC v. Taylor,* 294 S.C. 99, 362 S.E. (2d) 881 (1987) (stating the general rule that a court should not refuse to entertain a declaratory action where there exists a special statutory remedy or where another remedy would be more appropriate under the circumstances); 73A C.J.S. *supra* § 185 at 194 (stating the general rule that resort should be had to all administrative remedies before seeking judicial review.

Dismissed.

SHAW and HOWARD, JJ., concur.