THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ida Mae Suber, individually,       
Appellant,
 
 
 

v.

 
 
 
Dealva Taundolyn Suber, individually; and Helen Reese Bailey, individually; jointly and severally,       
Respondents.
 
 
 

Appeal From Richland County
James R. Barber, Circuit Court Judge

Unpublished Opinion No. 2005-UP-174
Submitted March 1, 2005  Filed March 9, 2005

AFFIRMED

 
 
 
James H. Dickey, of Atlanta, for Appellant.
Robert A. McKenzie, Gary H. Johnson, II, and Robert Walton Buffington, all of Columbia, for Respondents.
 
 
 

PER CURIAM:  Ida Mae Suber appeals the circuit courts order dismissing her negligence claim against Dealva Taundolyn Suber and Helen Reese Bailey (Respondents) on the ground an identical case was already pending in circuit court.  We affirm.[1] 
FACTS
On September 29, 2000, Suber filed an action for negligence against Respondents in the Richland County Court of Common Pleas for injuries she sustained in an automobile accident that occurred on October 3, 1997.  Suber was a passenger in the vehicle driven by Dealva Taundolyn Suber, and Helen Reese Bailey was the driver of the other vehicle.  Because Subers attorney, James Dickey, failed to attend the scheduled depositions, Respondents filed motions to dismiss for failure to prosecute pursuant to Rule 41(b) of the South Carolina Rules of Civil Procedure.[2]  Circuit Court Judge Thomas W. Cooper, Jr., scheduled a hearing on May 17, 2001, but Dickey did not attend.  Judge Cooper issued a rule to show cause and ordered Dickeys appearance before the court.  When Dickey failed to appear, Judge Cooper granted the motion to dismiss in a form order.  On August 2, 2001, Judge Cooper issued a formal order dismissing the action against Respondents without prejudice on the condition that Suber would have to pay attorneys fees and costs in the amount of $500 to Respondents counsel before filing another action against Respondents.[3]  Thereafter, Suber filed a motion for reconsideration pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure.  The motion is still pending. 
On August 1, 2002, Suber filed the instant lawsuit in the Richland County Court of Common Pleas.  The allegations against Respondents arise out of the same automobile accident and are identical to those in the earlier action.  Respondents again filed motions to dismiss.  In their motions, Respondents asserted the action should be dismissed on the following grounds:  (1). the second action was barred by the three-year statute of limitations; (2). Suber had not complied with the requirements of Judge Coopers order with respect to the payment of attorneys fees and costs to Respondents attorneys; and (3). Suber had not effectuated proper service of process. 
On January 9, 2003, Circuit Court Judge James R. Barber, III, heard arguments on Respondents motions to dismiss.  Subsequently, Judge Barber issued an order granting Respondents motions.  Specifically, Judge Barber found the current action involved the same parties seeking the same relief as in the initial lawsuit.  Thus, he found that if Suber prevailed on her Rule 59(e) motion, the initial action would be viable and would proceed to its conclusion.  Additionally, he held that if Judge Cooper denied the pending motion, Suber had not complied with the requirements set forth in Judge Coopers order.  In a form order, Judge Barber denied Subers motion for reconsideration.  This appeal follows.
DISCUSSION
I.
Suber argues Judge Barber abused his discretion in dismissing her second lawsuit based upon the non-final order of Judge Cooper.  Because Subers Rule 59(e) motion had not been ruled upon by Judge Cooper, Suber contends Judge Barber was required to stay the proceeding before ruling on the instant action.  Furthermore, Suber asserts Judge Barber failed to properly review the file of the original action in reaching his decision.  Finally, Suber claims Judge Barber erred in ruling prior to hearing Subers counsels argument regarding a stay of the proceeding.[4]  We disagree.
Initially, we disagree with Subers contention that Judge Barber relied on Judge Coopers non-final order in dismissing the case.  Because Judge Cooper had not ruled on Subers prior motion, the original lawsuit involving the same parties and request for relief was still pending in the circuit court.[5]  Thus, Judge Barber properly dismissed the case because the same two actions would impermissibly be proceeding in circuit court.  See Rule 12(b)(8), SCRCP (A trial court may dismiss an action where another action is pending between the same parties for the same claim.); cf. Wessinger v. Rauch, 288 S.C. 157, 160, 341 S.E.2d 643, 644 (Ct. App. 1986) (As a general rule, courts will not entertain an action for declaratory judgment if there is pending, at the time the action is commenced, another action between the same parties in which the same issues presented in the action for declaratory judgment can be adjudicated.).
With respect to Subers assertion that Judge Barber did not review the file from the earlier action, we find this argument to be without merit.  Our review of the record reveals that Respondents provided Judge Barber with a copy of Judge Coopers order.  Furthermore, Subers attorney acknowledged the substance of the order in that he conceded:  (1). the Rule 59(e) motion was still pending; (2). the lawsuits were identical; and (3). he had not complied with the condition precedent ordered by Judge Cooper.
Finally, we question whether Subers claim that her counsel was not provided sufficient time to present the case is preserved for our review.  Our review of the record does not reveal that Subers attorney raised this argument to Judge Barber.  Furthermore, Subers argument in her brief is conclusory and is not supported by any specific citations to authority.  Therefore, it is not properly before this court.  See Staubes v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) (It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.); First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (stating appellant was deemed to have abandoned issue for which he failed to provide any argument or supporting authority); Glasscock, Inc. v. U.S. Fidelity & Guar. Co., 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ([S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.).  
In any event, we find this argument to be without merit.  During the hearing, Subers attorney agreed with the essential facts stated by opposing counsel.  He informed the court that the Rule 59(e) motion in the initial lawsuit had not been ruled upon and, therefore, the current lawsuit should be held in abeyance.  After hearing these statements, the court questioned Subers attorney whether the second lawsuit was a duplication of the first lawsuit.  Based upon Subers attorneys response, the court stated it was going to dismiss the suit due to the identical pending lawsuit and the fact that the required attorneys fees and costs had not been paid before filing the second lawsuit.  Based upon our reading of what transpired during the hearing, we find the court did not abuse its discretion given it provided Subers attorney an opportunity to present arguments relevant to the disposition of the case.  See Sullivan v. Davis, 317 S.C. 462, 465, 454 S.E.2d 907, 909 (Ct. App. 1995) (finding trial court has discretion in deciding whether to admit or exclude evidence; the courts decision will not be disturbed on appeal absent clear showings of both abuse and prejudice); see also State v. Penland, 275 S.C. 537, 539, 273 S.E.2d 765, 766 (1981)(holding the control of argument is normally within the discretion of the trial court, and we will not disturb its ruling where there is no abuse of discretion).
Thus, we find Judge Barber was well informed of the status of the case and properly dismissed Subers second lawsuit pursuant to Rule 12(b)(8).
II.
As an additional sustaining ground, Respondents assert this court should affirm Judge Barbers order because Subers second lawsuit is barred by the three-year statute of limitations.  We agree. 
Although Judge Barber did not explicitly rule on this issue it was raised by Respondents in their motions to dismiss and was noted in Judge Barbers written order.  Thus, we choose to address this argument.  See Ion, L.L.C. v. Town of Mount Pleasant, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) (The appellate court may review respondents additional reasons and, if convinced it is proper and fair to do so, rely on them or any other reason appearing in the record to affirm the lower courts judgment.); Rule 220(c), SCACR (The appellate court may affirm any ruling, order, or judgment upon any ground(s) appearing in the Record on Appeal.).
Actions to recover for personal injuries that arise after April 5, 1988, must be commenced within three years.  S.C. Code Ann. § 15-3-530(5) (2005).  Here, the automobile accident for which Suber alleges she sustained injuries occurred on October 1, 1997.  Suber, however, did not file the second lawsuit until August 1, 2002, which was almost five years after the accident.  We hold Subers second lawsuit was untimely and, thus, barred by the three-year statute of limitations.
Accordingly, the circuit courts order dismissing this case is
AFFIRMED.
ANDERSON, BEATTY, and SHORT, JJ., concur.

[1] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Rule 41(b) of the South Carolina Rules of Civil Procedure provides in pertinent part:  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.
[3]  In this order, Judge Cooper dismissed with prejudice Subers action against State Farm Insurance Company, Dealva Taundolyn Subers insurer.  State Farm is not a party to this appeal.
[4]   Although Suber raises three separate issues, all of her arguments challenge Judge Barbers dismissal of the instant action.  Therefore, in the interest of clarity and brevity, we have consolidated the arguments under one heading.
[5]  We note Suber has not appealed Judge Barbers finding that the two actions involved the same parties and sought the same relief.  Therefore, it is the law of the case.  See ML-Lee Acquisition Fund, L.P. v. Deloitte & Touche, 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997) (stating an unappealed ruling becomes the law of the case and precludes further consideration of the issue on appeal).