**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

West Street Farms, LLC and Mix Farms, LLC,
Appellants,

v.

City of Beaufort, Beaufort Inn, LLC, and 303 Associates, LLC, Respondents.

Appellate Case No. 2023-000953

———————

Appeal From Beaufort County
R. Scott Sprouse, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-373
Heard September 24, 2024 – Filed October 30, 2024

———————

**AFFIRMED**

———————

W. Andrew Gowder, Jr., of Austen & Gowder, LLC, of Charleston, for Appellants.

Lawrence Emile Flynn, III, Alexis Kaylor Lindsay, and Virginia Patterson Bozeman, all of Pope Flynn, LLC, of Columbia, for Respondent City of Beaufort.

Benjamin Edward Nicholson, V, of Burr & Forman, LLP, of Columbia, for Respondents Beaufort Inn, LLC and 303 Associates, LLC.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Med. Univ. of S.C. v. Taylor*, 294 S.C. 99, 102–03, 362 S.E.2d 881, 883 (Ct. App. 1987) (holding that a decision on whether to grant or deny a declaratory judgment "rests within the sound discretion of the circuit court" and "will not be disturbed on appeal, absent a clear showing of an abuse of discretion"); *id.* at 103, 362 S.E.2d at 883 ("The general rule followed by most jurisdictions is that a court will not entertain a declaratory judgment action 'if there is pending, at the time of the commencement of the declaratory action, another action or proceeding to which the same persons are parties [and] in which are involved and may be adjudicated the same identical issues that are involved in the declaratory judgment action.'" (alteration in original) (quoting Annot., 135 A.L.R. 934–35 (1941))); *id.* at 103, 362 S.E.2d at 883–84 ("The general rule is especially applicable 'where a special statutory remedy has been provided, or where another remedy will be more . . . appropriate under the circumstances.'" (quoting *Williams Furniture Corp. v. S. Coatings & Chem. Co.*, 216 S.C. 1, 7, 56 S.E.2d 576, 578–79 (1949))); *id.* at 103–04, 362 S.E.2d at 884 ("[W]here an administrative agency is vested with primary jurisdiction of the question in issue, the courts ordinarily will not grant injunctive relief prior to a decision by the agency [and] the availability of an adequate administrative remedy precludes the granting of injunctive relief." (quoting 73 C.J.S. *Pub. Admin. L. and Proc.* § 45 at 481 (1983))); *see also Fullbright v. Spinnaker Resorts, Inc.*, 420 S.C. 265, 280 n.10, 802 S.E.2d 794, 802 n.10 (2017) ("*Taylor* stands for the proposition that courts should not interfere with proceedings that are already underway in 'the administrative agency vested with primary jurisdiction of the question in issue.' Simply put, the *Taylor* court held that parties are required to follow the review procedures established by statute." (citation omitted) (quoting *Taylor*, 294 S.C. at 105, 362 S.E.2d at 884–85)); *Hyde v. S.C. Dep't of Mental Health*, 314 S.C. 207, 208, 442 S.E.2d 582, 582–83 (1994) ("Whether administrative remedies must be exhausted is a matter within the trial judge's sound discretion and his decision will not be disturbed on appeal absent an abuse thereof."); *id.* at 208, 442 S.E.2d at 583 ("The general rule is that administrative remedies must be exhausted absent circumstances supporting an exception to application of the general rule."); *id.* at 209, 442 S.E.2d at 583 ("A trial judge must have a sound basis for excusing the failure to exhaust administrative relief."); *Equivest Fin., LLC v. Ravenel*, 422 S.C. 499, 505–06, 812 S.E.2d 438, 441 (Ct. App. 2018) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review." (quoting *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct.

App. 2001))); *Kurschner v. City of Camden Plan. Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008) ("The fundamental requirements of due process include notice, an opportunity to be heard in a meaningful way, and judicial review." (citing S.C. Const. art. 1, § 22)); *id.* ("Due process does not require a trial-type hearing in every conceivable case of government impairment of a private interest."); *id.* at 172, 656 S.E.2d at 350 ("Rather, due process is flexible and calls for such procedural protections as the particular situation demands.").

**AFFIRMED.**

**WILLIAMS, C.J., and KONDUROS and GEATHERS, JJ., concur.**